1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    QUICKLOGIC CORPORATION,                Case No.  21-cv-04657-JSW

8                Plaintiff,
                                            **ORDER DENYING MOTIONS TO**
9         v.                                **DISMISS**

10   KONDA TECHNOLOGIES, INC., et al.,      Re: Dkt. Nos. 19, 20

11               Defendants.

12

13        Now before the Court are the motions to dismiss the complaint for declaratory judgment of

14   non-infringement and non-breach of contract filed by Defendants Konda Technologies, Inc. and

15   Venkat Konda ("Defendants").  Defendants move to dismiss this declaratory relief action on the

16   basis that the Court lacks subject matter jurisdiction in that a "case of actual controversy" amongst

17   the parties does not currently exist pursuant to Article III, Section 2 of the U.S Constitution and 28

18   U.S.C. Section 2201(a).

19        Based on this Court's review of the record, the Court finds that substantial controversy

20   exists between the parties and therefore that there is subject matter jurisdiction for the declaratory

21   relief action.  Although the controversy between the parties began with an inquiry, the sending of a

22   cease and desist letter constitutes pre-suit notice for an imminent lawsuit.  The informal dispute

23   resolution provision in the parties' 2010 Agreement does not provide for continuing meet and

24   confer requirements once a cease and desist letter has been sent.  Accordingly, whether it was

25   Plaintiff or Defendants who refused to conform their behavior to the meet and confer requirements

26   of their agreement, the facts in the record establish that, with the filing of the cease and desist

27   letter dated May 20, 2021, the controversy between the parties was substantial enough to provide

28   jurisdiction for a declaratory relief action.  *See, e.g., Prasco, LLC v. Medicis Pharm. Corp.* 527

F.3d 1329, 1336 (Fed. Cir. 2008) (holding that the test for finding jurisdiction based on a substantial controversy is not a bright line rule, but instead depends on whether "the facts alleged, under all of the circumstances, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment").  The letter explicitly demanded that without action, Defendants "will have no other choice but to pursue all legal causes of action" and indicated that the letter served "as a pre-suit notice for a lawsuit to protect our interests."

Accordingly, the Court finds there is a sufficient case or controversy to bestow federal subject matter jurisdiction for this declaratory relief action.  Defendants' motions to dismiss are therefore DENIED.

Further, the Court HEREBY SETS a case management conference for February 11, 2022 at 11:00 a.m.  The parties shall submit a joint case management conference statement by no later than February 4, 2022.

**IT IS SO ORDERED.**

Dated:   January 3, 2022

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

2