G. HOPKINS GUY (State Bar No. 124811)
hop.guy@bakerbotts.com
JON V. SWENSON (State Bar No. 233054)
jon.swenson@bakerbotts.com
JOHN F. GAUSTAD (State Bar No. 279893)
john.gaustad@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road, Bldg. One Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

SARAH J. GUSKE (State Bar No. 232467)
sarah.guske@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Plaintiff QuickLogic Corporation.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| QUICKLOGIC CORPORATION,<br><br>*Plaintiff and Counter-Defendant*,<br><br>v.<br><br>KONDA TECHNOLOGIES, INC. AND<br>VENKAT KONDA,<br><br>*Defendants and Counter-Plaintiffs*. | Case No. 21-cv-04657-EJD<br><br>**QUICKLOGIC CORP.'S MOTION TO DISMISS KONDA TECHNOLOGIES, INC. AND VENKAT KONDA'S COUNTERCLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Judge: Hon. Edward J. Davila<br>Date: March 24, 2022<br>Time: 9:00 a.m.<br>Courtroom: 4 – 5th Floor |

BAKER BOTTS L.L.P.

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ........................................................................ 1

STATEMENT OF RELIEF REQUESTED ............................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.     INTRODUCTION .......................................................................... 1

II.    STATEMENT OF ISSUES .......................................................... 3

III.   FACTUAL BACKGROUND ........................................................ 3

    A.    Scope of the Pleadings ................................................... 3

    B.    Defendants' 2022 Answer and Counterclaims ........................................... 4

    C.    The 2010 Consulting and License Agreement ......................................... 5

IV.   LEGAL STANDARDS .................................................................. 6

    A.    Pleading Standards Generally ................................................... 6

    B.    Pleading Standards for Patent Infringement.................................. 7

    C.    California Breach of Contract Claims ................................................ 8

    D.    California Breach of the Covenant of Good Faith and Fair Dealing Claims................................................................. 8

    E.    California Breach of Confidential Relationship Claims ........................... 8

    F.    California Breach of Confidence Claims ................................................ 9

V.    ARGUMENT ................................................................................. 9

    A.    Defendants' Counterclaims Fail to State Claims for Patent Infringement (Counterclaim Causes of Action 4–17)................................ 9

    B.    Defendants Fail to State a Claim for Breach of the 2010 CLA (Counterclaim Cause of Action One)................................................ 12

    C.    Defendants Have Failed to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing (Counterclaim Cause of Action Two) ........ 17

    D.    Defendants Have Failed to State a Claim for Breach of Confidential Relationship or Breach of Confidence (Counterclaim Cause of Action Three) ...................................................................... 19

VI.   CONCLUSION ............................................................................. 21

BAKER BOTTS L.L.P.

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

CASES

4

*Aguilera v. Pirelli Armstrong Tire Corp.*,
    223 F.3d 1010 (9th Cir. 2000) ................................................................................................12

5

*AlterG, Inc. v. Boost Treadmills LLC*,
    388 F. Supp. 3d 1133 (N.D. Cal. 2019) ..................................................................................11

6

7

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
    7 Cal. 4th 503 (1994) ..............................................................................................................18

8

9

*Appling v. Wachovia Mortg., FSB*,
    745 F. Supp. 2d 961 (N.D. Cal. 2010) ......................................................................................8

10

11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................... *passim*

12

*Athena Feminine Techs Inc. v. Wilkes*,
    No. C 10-4868 SBA, 2013 WL 450147 (N.D. Cal. Feb. 6, 2013) .....................................16, 20

13

14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007) .....................................................................................................6, 7

15

16

*Bennett v. Medtronic, Inc.*,
    285 F.3d 801 (9th Cir. 2002) .....................................................................................................3

17

18

*Berkla v. Corel Corp.*,
    302 F.3d 909 (9th Cir. 2002) ...................................................................................................20

19

*BladeRoom Grp. Ltd. v. Emerson Elec. Co.*,
    20 F.4th 1231 (9th Cir. 2021) ..................................................................................................18

20

21

*Bot M8 LLC v. Sony Cop. Of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ..............................................................................................7, 10

22

*Buena Vista, LLC v. New Res. Bank*,
    No. C 10-01502 CW, 2011 WL 3794904 (N.D. Cal. Aug. 26, 2011) .....................................18

23

24

*Capella Photonics, Inc. v. Ciena Corp.*,
    __ F. Supp. 3d __, 2021 WL 2661081 (N.D. Cal. June 29, 2021) ..............................1, 13, 19

25

*Cates Constr., Inc. v. Talbot Partners*,
    21 Cal. 4th 28 (1999) ...............................................................................................................18

26

27

*CDF Firefighters v. Maldonado*,
    158 Cal. App. 4th 1226 (2008) .................................................................................................8

28

BAKER BOTTS L.L.P.

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. Ltd. (US) Research Inst.*,
   No. 19-cv-05784-JST, 2020 WL 7392909 (N.D. Cal. July 23, 2020) ......................................10

*Delphix Corp. v. Actifo, Inc.*,
   No. C 13-4613 RS, 2014 WL 4628490 (N.D. Cal. Mar. 19, 2014) ...........................................10

*Dent v. Nat'l Football League*,
   968 F.3d 1126 (9th Cir. 2020) .................................................................................................1

*Ellsworth v. U.S. Bank, N.A.*,
   908 F. Supp. 2d 1063 (N.D. Cal. 2012) ..........................................................................14, 17

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*,
   122 F.3d 1211 (9th Cir. 1997) .................................................................................................9

*Faris v. Enberg*,
   97 Cal. App. 3d 309 (1979) .....................................................................................................8

*Feminine Techs Inc. v. Wilkes*,
   No. C 10-4868 SBA, 2013 WL 450147 (N.D. Cal. Feb. 6, 2013) ...........................................16

*Fortinet, Inc. v. Forescout Techs., Inc.*,
   __ F. Supp. 3d __, 2021 WL 2412995 (N.D. Cal. June 14, 2021) ...........................................12

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*,
   651 F.3d 1355 (Fed. Cir. 2011) .............................................................................................14

*Guz v. Bechtel Nat'l Inc.*,
   24 Cal. 4th 317 (2000).....................................................................................................8, 18

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ...........................................................................................................11, 12

*Harris v. County of Orange*,
   682 F.3d 1126 (9th Cir. 2012) .................................................................................................3

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*,
   41 Cal. App. 4th 1410 (1996).................................................................................................20

*Huynh v. Quora, Inc.*,
   No. 18-cv-07597-BLF, 2019 WL 11502875 (N.D. Cal. Dec. 19, 2019) ................................20

*Iglesia Ni Cristo v. Cayabyab*,
   No. 18-cv-00561-BLF, 2018 WL 4674603 (N.D. Cal. Sept. 26, 2018)..............................16, 20

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) .............................................................................................11

*In re Gilead Sci. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008)..........................................................................................16, 20

*In re Yahoo! Inc. Customer Data Security Breach Litig.*,
   313 F. Supp. 3d 1113 (N.D. Cal. 2018) ...............................................................1, 18

*Lamke v. Sunstate Equip. Co.*,
   387 F. Supp. 2d 1044 (N.D. Cal. 2004) ....................................................................17

*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001)........................................................................................3

*Lerner v. Ward*,
   13 Cal. App. 4th 155 (1993)........................................................................................18

*Lewis v. Google LLC*,
   461 F. Supp. 3d 938 (N.D. Cal. 2020) ........................................................8, 17, 18

*Nalco Co v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ...................................................................................7

*Parino v. BidRack, Inc.*,
   838 F. Supp. 2d 900 (N.D. Cal. 2011) ..............................................................13, 18

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
   96 F.3d 1151 (9th Cir. 1996)...............................................................................13, 18

*Persson v. Smart Inventions, Inc.*,
   125 Cal. App. 4th 1141 (2005).............................................................................9, 19

*Reynolds Metals Co. v. Alperson*,
   25 Cal. 3d 124 (1979)..................................................................................................18

*Richelle L. v. Roman Catholic Archbishop*,
   106 Cal. App. 4th 257 (2003)...............................................................................9, 19

*Rocha v. CIT Bank, N.A.*,
   No. 17-cv-05082-BLF, 2018 WL 1609636 (N.D. Cal. Apr. 3, 2018) ...........3–4, 7, 11

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
   732 F. Supp. 2d 952 (N.D. Cal. 2010) .......................................................................8

*Ruiz v. Gap, Inc.*,
   622 F. Supp. 2d 908 (N.D. Cal. 2009) .....................................................................12

*Self Directed Placement Corp. v. Control Data Corp.*,
   908 F.2d 462 (9th Cir. 1990)........................................................................................8

*Skilstaf, Inc. v. CVS Caremark Corp.*,
   669 F.3d 1005 (9th Cir. 2012)....................................................................................15

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011)............................................................................6, 7, 15

*Strawflower Elecs., Inc. v. Radioshack Corp.*,
  No. C-05-0747 MMC, 2005 WL 2290314 (N.D. Cal. Sept. 20, 2005).....................................19

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ....................................................................................3, 7, 11, 13

*Wal-Noon Corp. v. Hill*,
  45 Cal. App. 3d 605 (1975)......................................................................................................20

*Wexler v. Cal. Fair Plan Ass'n*,
  63 Cal. App. 5th 55 (2021).......................................................................................................18

*Yunker v. Pandora Media, Inc.*,
  No. 11-cv-03113 JSW, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) ..........................8, 12–13


**RULES**

Federal Rule of Evidence 201 ...........................................................................................................3

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on March 24, 2022 at 9:00 a.m. or as soon thereafter as the

4

matter may be heard (as requested on February 9, 2022 in accordance with Section IV.A.1 of Judge

5

Davila's Standing Order for Civil Cases), in Courtroom 4 – 5th Floor, 280 South 1st Street, San

6

Jose, CA 95113, Plaintiff and Counter-Defendant QuickLogic Corporation ("QuickLogic") moves

7

the Court to dismiss Defendants and Counter-Plaintiffs Konda Technologies, Inc. ("Konda

8

Technologies") and Venkat Konda's ("Dr. Konda") (collectively, "Defendants") counterclaims

9

under Federal Rule of Civil Procedure 12(b)(6). This motion is based on this Notice of Motion, the

10

attached memorandum of points and authorities in support thereof, the pleadings and documents on

11

file in this case, and such other evidence and argument as may be presented at the hearing on this

12

motion.

13

**STATEMENT OF RELIEF REQUESTED**

14

QuickLogic asks the Court to dismiss Defendants' counterclaims under Federal Rule of Civil

15

Procedure 12(b)(6). In the event the Court determines that a counterclaim is plausibly pled under

16

only fewer than all of Defendants' pleaded theories, QuickLogic respectfully request that the Court

17

dismiss the implausibly pled theories. *See generally Dent v. Nat'l Football League*, 968 F.3d 1126,

18

1136 (9th Cir. 2020) (affirming the district court's dismissal of two of three negligence theories as

19

"improperly pled" and "fail[ing] to state a claim"). QuickLogic also respectfully requests that the

20

Court dismiss all of Defendants' claims for certain damages (including punitive damages) and

21

attorneys' fees that are unavailable under any theory that survives this motion to dismiss. *See*

22

*generally Capella Photonics, Inc. v. Ciena Corp.*, __ F. Supp. 3d __, 2021 WL 2661081, at *8 (N.D.

23

Cal. June 29, 2021); *In re Yahoo! Inc. Customer Data Security Breach Litig.*, 313 F. Supp. 3d 1113,

24

1147–49 (N.D. Cal. 2018).

25

**MEMORANDUM OF POINTS AND AUTHORITIES**

26

**I.     INTRODUCTION**

27

Plaintiff QuickLogic Corp. ("QuickLogic") filed this a case as a declaratory judgment

28

lawsuit under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202 in order to resolve certain

BAKER BOTTS L.L.P.

unsubstantiated claims made by Defendants Konda Techs., Inc. and Venkat Konda ("Defendants") that QuickLogic was infringing their patents ("QuickLogic's DJ Complaint"). While it is typical for a patent owner to counterclaim for infringement in response to a declaratory judgment suit, Defendants' counterclaims are anything but typical. Defendants' infringement counterclaims are bare bones—alleging no specific facts to support its conclusory statements that simply parrot claim language.  This sort of form pleading is no longer acceptable even in the counterclaim context and is particularly problematic given that Defendants seek to allege infringement of 275 claims across 14 patents. *See* Dkt. 35, ¶¶ 177–510; Dkt. 35-2, Exs. C–I; Dkt. 35-3, Exs. J–P.

The lack of any specific facts is compounded by Defendants' admissions in its answer and counterclaims and other pleadings that it had no knowledge of the design and operation of QuickLogic's products or of any infringement. Specifically, to attempt to substantiate their claims, Defendants attached as Exhibit R to their counterclaims an email from Defendants' counsel to QuickLogic's counsel on January 10, 2022—less than two weeks before Defendants filed their counterclaims—that stated "***Dr. Konda cannot determine if QuickLogic is infringing any of the patents in the Konda interconnect patent portfolio at this time***." Dkt. 35-3, Ex. R at 2. The counterclaim papers come on the heels of Defendants submitting sworn declarations stating essentially the same thing: (1) Defendants "did not have any familiarity with the QuickLogic products prior to the [filing of QuickLogic's DJ Complaint]" and (2) Defendants "did not conduct an infringement analysis." Dkt. 20-1, ¶¶ 30, 31; Dkt. 29-1, ¶¶ 40, 41. Defendants submitted the declarations in connection with their August 25, 2021 motion (and September 15, 2021 reply) seeking to dismiss QuickLogic's DJ Complaint for lack of subject matter jurisdiction. *See* Dkt. 20.

Defendants' state law counterclaims fare no better. In view of Defendants' conclusory allegations, the unambiguous terms of the written contracts between QuickLogic and Defendants, and California law, these counterclaims also fail to state claims on which relief can be granted. Additionally, California law and unambiguous contractual damages limitation terms render various damages theories plead by Defendants unavailable.

Accordingly, QuickLogic respectfully requests that the Court dismiss all of Defendants' counterclaims. To the extent the Court finds that any of Defendants' counterclaims are plausibly

BAKER BOTTS L.L.P.

pled under fewer than all of Defendants' theories, QuickLogic respectfully requests that the Court dismiss any remaining theories (including damages theories).

## II.    STATEMENT OF ISSUES

1.    Whether Defendants' counterclaims (and any underlying theories thereof) sufficiently state claims for (1) patent infringement, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, or (4) breach of confidential relationship (or breach of confidence).

2.    Whether Defendants' damages allegations are plausible for alleged (1) breach of contract and (2) breach of the covenant of good faith and fair dealing.

## III.   FACTUAL BACKGROUND

### A.    Scope of the Pleadings

Typically, consideration of extrinsic evidence is prohibited in deciding a motion to dismiss. However, in this case, the "pleadings" which may be considered in evaluating this motion to dismiss include all of the documents and statements listed below. Specifically, the 2010 NDA (Dkt. 35-2, Ex.A), Defendants' patents (Dkt. 35-2, Exs. C–I; Dkt. 35-3, Exs. J–P), and the January 10, 2022 email from Defendants' counsel regarding Defendants' inability to determine whether QuickLogic infringed any of Defendants' patents (Dkt. 35-3, Ex. R) were all attached as exhibits to Defendants' Answer and Counterclaims and are part thereof. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In addition, the 2010 CLA that QuickLogic attached to its Complaint (*see* Dkt. 1-3) is quoted and relied upon extensively throughout Defendants' Answer and Counterclaims (*see, e.g.*, Dkt. 35, ¶¶ 83, 84, 90, 109, 130, 145) is not subject to any authenticity challenge, and is therefore incorporated by reference. *Swartz*, 476 F.3d at 763. Finally, the Court can consider factual statements made and entered by Dr. Konda's declarations in support of Defendants' motion to dismiss that contradict allegations made in Defendants' counterclaims.[1] *See Rocha v. CIT Bank,*

---

[1] If necessary, QuickLogic requests that the Court take judicial notice of the fact that Dr. Konda made these representations on behalf of Defendants, as the declarations are part of the Court's docket and the fact that Dr. Konda made these representations is not subject to reasonable dispute.

*N.A.*, No. 17-cv-05082-BLF, 2018 WL 1609636, at *8 (N.D. Cal. Apr. 3, 2018).While Defendants might arguably plead alternative legal theories, it cannot plead alternative facts which are contradictory—particularly here where the contradiction goes to the heart of QuickLogic's declaratory judgment claims.

### B.   Defendants' 2022 Answer and Counterclaims

As previously briefed at length in the briefing on Defendants' motion to dismiss, Defendants moved to dismiss QuickLogic's Complaint on August 25, 2021. *See* Dkt. 20. Defendants argued that the Court lacked subject-matter jurisdiction in part because Dr. Konda (1) ***did not "have any familiarity with the QuickLogic products prior to the present action being filed***" and (2) "***did not conduct an infringement analysis***." *Id.* at 15:11–21 (emphasis added) (citing Dkt. 20-1, ¶¶ 30, 31). In support of these facts, Defendants filed two declarations signed by Dr. Konda sworn under penalty of perjury. *See* Dkt. 20-1, ¶¶ 30, 31; Dkt. 29-1, ¶¶ 40, 41. The latter declaration was dated September 14, 2021. *See* Dkt. 29-1 at 11. Despite Defendants' representations, the Court concluded that subject-matter jurisdiction existed because, "with the filing of [a] cease and desist letter . . . , the controversy between the parties was substantial enough to provide jurisdiction for a declaratory relief action." Dkt. 34 at 1:26–28 (citation omitted); *see also* Dkt. 35, ¶ 92 (describing the cease and desist letter).

On January 6, 2022, three days after the Court issued its order denying Defendants' motion to dismiss QuickLogic's DJ Complaint, Defendants' counsel emailed QuickLogic's counsel, representing that "***Dr. Konda <u>cannot determine</u> if QuickLogic is infringing any of the patents in the Konda interconnect patent portfolio at this time***. . . . ." Dkt. 35-3, Ex. R at 2 (emphasis added). Defendants' counsel proposed delaying the case and engaging in expedited discovery. *See id.* Defendants attached the email chain to their counterclaims as Exhibit R (Dkt. No. 35-3) and relied on it in their allegations (Dkt. 35, ¶¶ 103–04).

---

*See generally Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (citing Fed. R. Evid. 201; *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

BAKER BOTTS L.L.P.

BAKER BOTTS L.L.P.

1

2

3

4

5

6

7

On January 19, 2022—less than two weeks after Defendants' counsel had represented that Dr. Konda had been unable to determine whether QuickLogic infringed Defendants' patents—Defendants filed their Answer and Counterclaims. *See* Dkt. 35. Defendants allege counterclaims of infringement of the patents identified in QuickLogic's DJ Complaint, plus additional patents. *See id.*, ¶¶ 177–510. Consistent with Defendants' admissions that they could not determine whether QuickLogic infringed any of their patents, the counterclaims do not allege any specific facts to support the claims and simply parrot the patents' claim language. *See id.*

8

9

Defendants also asserted state law claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) breach of confidential relationship. *See id.*, ¶¶ 107–76.

10

**C.     The 2010 Consulting and License Agreement**

11

1.     The Parties, the Integration Clause, and Governing Law

12

13

14

15

16

On October 5, 2010, QuickLogic and Konda Technologies entered into a "Consulting and License Agreement" (the "2010 CLA"). Dkt. 1-3. Defendants' counterclaims frequently reference and rely on the 2010 CLA attached to the QuickLogic DJ Complaint. *See, e.g.*, Dkt. 35, ¶¶ 83–84, 86–88, 90, 92, 99–105. Like the 2010 NDA, the 2010 CLA contained an integration clause. Dkt. 1-3 at 6, § 8.10. The 2010 CLA is subject to California law. *Id.* at 5, § 8.8.

17

2.     QuickLogic's License to Konda Technologies' Intellectual Property

18

19

20

21

The 2010 CLA defines "Konda Intellectual Property" as "the intellectual property listed on Exhibit A to this Agreement." *Id.* at 1, § 1.1. Exhibit A lists several patent applications. *See id.* at 7–8, Ex. A. The 2010 CLA granted to QuickLogic "a non-exclusive, royalty-free, irrevocable, and world-wide right" license to Konda Intellectual Property:

22

23

24

25

26

27

**1.2 License Grant.** Subject to payment in full of the one-time, paid-up license fee set forth below, Konda hereby grants to QuickLogic a non-exclusive, royalty-free, irrevocable and world-wide right . . . to reproduce, make derivative works of, publicly perform, publicly display and distribute in any form or medium, whether now known or later developed, and to make, have made, use, import, offer to sell, and sell the Konda Intellectual Property incorporated or used in the programmable logic of QuickLogic products for the purpose of developing and marketing QuickLogic products or otherwise commercializing QuickLogic's technology, but not for the purpose of marketing Konda Intellectual Property separate from QuickLogic products.

*Id.* at 1, § 1.2. The license grant survives the 2010 CLA's "termination or expiration." *Id.* at 1, § 1.4.

28

### 3.   2010 CLA's Confidentiality Provisions

The 2010 CLA also contains certain promises by Konda Technologies regarding QuickLogic Confidential Information, including a promise to "take all steps reasonably necessary to hold QuickLogic's Confidential Information in trust and confidence[.]" *Id.* at 2, § 3.1. The 2010 CLA contains no promises by QuickLogic to keep any of Konda Technologies' information confidential. *See id.*; *see also id.* at 3, §§ 5.2 & 5.3 (discussed above).

### 4.   Informal Dispute Resolution

The 2010 CLA contained the following section regarding informal dispute resolution:

**8.7 Informal Dispute Resolution.** In the event of any dispute or disagreement between the parties hereto either with respect to the interpretation of this Agreement or the performance of any obligations set forth herein, whether in contract, statute, tort such as negligence or otherwise (each a "Dispute"), an officer of Konda and an officer of QuickLogic shall meet to negotiate and resolve such matters in good faith without resort to formal legal proceedings. If the officers are unable to resolve the dispute within 10 business days after referral of the matter to them, then either party shall have the right to institute legal proceedings to seek any remedy available under law or equity.

*Id.* at 5, § 8.7.

### 5.   Limitation on Liability

The 2010 CLA limits "either party's aggregate liability to the other party in connection with the Agreement" to "the amounts actually paid to [Konda Technologies] under [the] Agreement." *Id.* at 4, § 7.2. The maximum amount payable to Konda Technologies under the 2010 CLA was $260,000. *See id.* at 1, § 1.3 ($100,000 for license); *id.* at 1, § 2.3 ($60,000 for consulting); *id.* at 2, § 2.4 ($100,000 incentive bonus). The 2010 CLA also excludes "special, non-compensatory, punitive, incidental, consequential, exemplary, or other indirect damages of any kind or nature . . . , regardless of the form of action . . . , incurred by the other party and arising out of or in connection with [the] Agreement . . . ." *Id.* at 4, § 7.1.

## IV.   LEGAL STANDARDS

### A.   Pleading Standards Generally

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[]

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). These standards apply to both allegations in a complaint and in counterclaims. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although "a court must accept as true all of the allegations contained in a complaint[,]" "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "[T]o be entitled to [a] presumption of truth, allegations in a . . . counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. Such factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

Courts are ordinarily limited to "allegations contained in the pleadings, [attached exhibits], and matters properly subject to judicial notice[]" in a motion to dismiss under Rule 12. *Swartz*, 476 F.3d at 763 (citations omitted). Here, however, the Court may also consider (1) the 2010 CLA attached to QuickLogic's Complaint (Dkt. 1-3), (*see* Dkt. 35, ¶¶ 83, 90, 109, 130 145; *Swartz*, 476 F.3d at 763 (citations omitted)), (2) the declarations submitted by Defendants in support of their motion to dismiss (*see* Dkt. 20-1, ¶¶ 30, 31; Dkt. 29-1, ¶¶ 40, 41; *Rocha*, 2018 WL 1609636, at *8), and (3) an email from Defendants' counsel attached as an exhibit to the counterclaims for the reasons set forth in Section III.A.

### B.   Pleading Standards for Patent Infringement

"[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the [patent] claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Cop. Of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Although "[a] plaintiff is not required to plead infringement on an element-by-element basis[]" (*id.* at 1352 (citing *Nalco Co v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)), a plausible claim requires at least some allegations regarding how an accused

BAKER BOTTS L.L.P.

product satisfies certain claim limitations (*see id.* at 1355 ("While Bot M8 points to different storage components in the allegedly infringing devices, it never says which one or ones satisfy the mutual authentication limitation.")).

### C.      California Breach of Contract Claims

To state a claim for breach of contract under California law, a party must allege "'(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach.'" *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 974 (N.D. Cal. 2010) (quoting *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008)). A party must plausibly allege "appreciable and actual damage as a result of [any] breach." *E.g.*, *Yunker v. Pandora Media, Inc.*, No. 11-cv-03113 JSW, 2013 WL 1282980, at *13 (N.D. Cal. Mar. 26, 2013) (collecting cases).

### D.      California Breach of the Covenant of Good Faith and Fair Dealing Claims

To state a claim for breach of the covenant of good faith and fair dealing under California law, a party must allege that "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citation omitted). "[T]he covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.' . . . Thus, to the extent a plaintiff seeks to impose limits 'beyond those to which the parties actually agreed, the [implied covenant] claim is invalid. To the extent the implied covenant claim seeks simply to invoke terms to which the parties *did* agree, it is superfluous.'" *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 961 (N.D. Cal. 2020) (citation omitted) (quoting *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (2000)).

### E.      California Breach of Confidential Relationship Claims

A confidential relationship claim under California law is "an idea, whether or not protectable, [wa]s offered to another in confidence, and [wa]s voluntarily received by the offeree in confidence with the understanding that it [wa]s not to be disclosed to others, and [wa]s not to be

BAKER BOTTS L.L.P.

used by the offeree for purposes beyond the limits of the confidence without the offeror's permission." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (quoting *Faris v. Enberg*, 97 Cal. App. 3d 309, 323 (1979)). To prevail on a breach of confidential relationship claim, a party must show that the parties were in a confidential relationship, which has the following "'essential elements'":

> 1) The vulnerability of one party to the other which 2) results in the empowerment of the stronger party by the weaker which 3) empowerment has been solicited or accepted by the stronger party and 4) prevents the weaker party from effectively protecting itself.

*Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1161 (2005) (quoting *Richelle L. v. Roman Catholic Archbishop*, 106 Cal. App. 4th 257, 272 (2003)). "[V]ulnerability 'is the necessary predicate of a confidential relation,' and 'the law treats [it] as absolutely essential. . . .'" *Id.* (quoting *Richelle L.*, 106 Cal. App. 4th at 273). "'[V]ulnerability . . . usually arises from advanced age, youth, lack of education, weakness of mind, grief, sickness, or some other incapacity.'" *Id.* (quoting *Richelle L.*, 106 Cal. App. 4th at 273).

### F.      California Breach of Confidence Claims

To prevail on a claim for breach of confidence under California law, a party must allege "that: (1) the plaintiff conveyed 'confidential and novel information' to the defendant' (2) the defendant had knowledge that the information was being disclosed in confidence; (3) there was an understanding between the defendant and the plaintiff that the confidence be maintained; and (4) there was a disclosure or use in violation of the understanding. *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1227 (9th Cir. 1997) (citations omitted).

## V.      ARGUMENT

### A.      Defendants' Counterclaims Fail to State Claims for Patent Infringement (Counterclaim Causes of Action 4–17)

#### 1.      Direct Infringement

Defendants' 14 patent infringement counterclaims (Counterclaim Causes of Action 4–17) fail to include even a single factual allegation attempting to map the claim language to the accused products.  Instead, the counterclaims simply restate the claim language alongside bald assertions of infringement.  For example:

BAKER BOTTS L.L.P.

1
2

> 181.   On information and belief, the Accused FPGA Devices include a programmable integrated circuit comprising a plurality of programmable logic blocks and a network such that QuickLogic infringes at least claim 1 of the '322 Patent for at least the following reasons:

3
4

> 182. QuickLogic's Accused FPGA Devices have a programmable integrated circuit comprising a plurality of programmable logic blocks and a network.

5

> 183. On information and belief, the Accused FPGA Devices have a plurality of programmable logic blocks and a network, and said each plurality of programmable logic blocks comprising a plurality of inlet links and a plurality of outlet links.

6

Dkt. 35, ¶¶ 181–83. These allegations just parrot the claim language (*compare id.*, *with* Dkt. 35-2,

7

Ex. C at 47:42–45). Defendants use an identical approach for all 14 patents.  *See* Dkt. 35, ¶¶ 181–

8

92, 199–214, 221–38, 245–79, 286–307, 314–29, 336–56, 363–97, 404–14, 421–33, 440–54, 461–

9

74, 481–91, 498–508. The counterclaims are completely silent as to any specific facts to support

10

these conclusory statements. *See id.* Defendants do not even attempt to describe the accused

11

products' design and operation in any way or cite to product documentation or to other publicly-

12

available information like open source repositories (*see id.*) that allegedly form the basis of some of

13

Defendants' infringement allegations (*see, e.g.*, *id.*, ¶¶ 103–05).  Making matters worse, Defendants

14

are apparently asserting all 275 claims across the 14 patents. *See id.*, ¶¶ 181, 199, 221, 245, 286,

15

314, 336, 363, 404, 421, 440, 461, 481, 498 (alleging "that QuickLogic infringes at least claim 1"

16

of each asserted patent).

17

By merely copying claim limitations into its counterclaims and failing to make ***any*** effort to

18

compare ***any*** of the claim limitations to the accused products, Defendants' allegations that the

19

accused products satisfy the limitations (almost always on "information and belief") are entirely

20

conclusory and fail to plausibly state infringement claims. *Bot M8*, 4 F.4th at 1355; *Iqbal*, 556 U.S.

21

at 678; *Celgard, LLC v. Shenzhen Senior Tech. Material Co. Ltd. (US) Research Inst.*, No. 19-cv-

22

05784-JST, 2020 WL 7392909, at *5 (N.D. Cal. July 23, 2020) ("The inclusion of [the phrase

23

'information and belief'] creates an 'inference that [the claimant] likely lacks knowledge of the

24

underlying facts to support the assertion[s], and is instead engaging in speculation to an undue

25

degree.'" (quoting *Delphix Corp. v. Actifo, Inc.*, No. C 13-4613 RS, 2014 WL 4628490, at *2 (N.D.

26

Cal. Mar. 19, 2014))).

27

The complete lack of any specific factual allegations is no surprise given the email that

28

BAKER BOTTS L.L.P.

represents on behalf of Defendants that Defendant Dr. Konda "cannot determine" whether QuickLogic infringes (attached to the counterclaims as Dkt. 25-3, Ex. R at 2) and Defendants' previous sworn testimony that (1) Dr. Konda did not "have any familiarity with the QuickLogic products prior to the present action being filed" and (2) "did not conduct an infringement analysis"—both of which can be considered under Rule 12. *See* Dkt. 20-1, ¶¶ 30, 31; Dkt. 29-1, ¶¶ 40, 41; *Rocha*, 2018 WL 1609636, at *8; *Swartz*, 476 F.3d at 763 (citations omitted).

In particular, this is the second time Defendants have changed their position. Initially, this lawsuit was started due to Defendants' allegations of patent infringement. *See, e.g.*, Dkt. 35, ¶ 92. In response to Plaintiff's DJ complaint, Defendants then admitted they had no evidence of infringement and had not conducted any infringement analysis in order to support a motion to dismiss. Dkt. 20-1, ¶¶ 30, 31; Dkt. 29-1, ¶¶ 40, 41 But after having failed to obtain dismissal the DJ complaint, Defendants have now returned to the same vague, unsupported accusation of infringement in the form of their counterclaims.  Defendants must either be required to plausibly plead an infringement claim with sufficient facts or their patent infringement counterclaims must be dismissed.

### 2.   Induced Infringement

Because Defendants failed to sufficiently plead direct infringement, their allegations of induced infringement necessary fail. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012). Defendants' induced infringement allegations are insufficient for the additional reason that the counterclaims fail to plead facts "plausibly showing that" QuickLogic (1) "specifically intended [another party] to infringe" or (2) ""knew that the [other party's] constituted infringement." *Id.* at 1339. Defendants counterclaims are devoid of specific facts showing specific intent and knowledge of infringement. Dkt. 35, ¶¶ 180, 198, 220, 244, 285, 313, 335, 362, 403, 420, 439, 460, 480, 497. Each of the failures of Defendants' induced infringement allegations warrants dismissal of the claims. *In re Bill of Lading*, 681 F.3d at 1333, 1339.

### 3.   Willful Infringement

Because Defendants failed to sufficiently plead direct infringement, their allegations of willful infringement also necessary fail. *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133,

1143 (N.D. Cal. 2019) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 100–01 (2016)). Further, to plausibly allege willful infringement, Defendants must also plead specific facts alleging that QuickLogic "*knew* its conduct to be egregious, *i.d.*, 'wanton, malicious, [or] bad-faith.'" *Fortinet, Inc. v. Forescout Techs., Inc.*, __ F. Supp. 3d __, 2021 WL 2412995, at *20 (N.D. Cal. June 14, 2021) (quoting *Halo*, 579 U.S. at 103–04). Defendants fail to plead even conclusory allegations on this point, much less specific facts demonstrating plausibility. *See* Dkt. 35, ¶¶ 193, 215, 239, 280, 308, 330, 357, 398, 415, 434, 455, 475, 492, 509. As for induced infringement, each of the failures of Defendants' willful infringement allegations warrants dismissal of the claims. *Fortinet*, __ F. Supp. 3d __, 2021 WL 2412995, at *20 (quoting *Halo*, 579 U.S. at 103–04).

### 4. Dismissal Will Not Prejudice Defendants

If granted, the motion to dismiss will not prejudice Defendants. As presently set, QuickLogic's DJ Complaint will allow Defendants' to provide any facts as to any alleged patent infringement. If sufficient facts exist, Defendants can then adequately plead infringement. However, until Defendants have specific facts that plausibly suggest alleged infringement, they do not have sufficient support to maintain their counterclaims.

### B. Defendants Fail to State a Claim for Breach of the 2010 CLA (Counterclaim Cause of Action One)

Defendants' Counterclaim Cause of Action One appears to allege breach of two clauses in the 2010 CLA:  the license (*see* Dkt. 35, ¶¶ 111–118) and the informal dispute resolution clause (*see id.*, ¶¶ 89, 90, 102, 104, 106, & 120–22). Because Defendants failed to sufficiently plead harm—a necessary element for a breach of contract claim—the entirety of Counterclaim Cause of Action One should be dismissed. Further, the underlying bases for the counterclaim suffer other fatal deficiencies, providing additional reasons to dismiss.

### 1. Defendants Fail to Sufficiently Allege Harm Under Any Theory of Breach

To sufficiently plead breach of the 2010 CLA, Defendants must have alleged specific facts showing "appreciable and actual damage as a result of [any] breach." *Yunker*, 2013 WL 1282980, at *13 (collecting cases); *see also Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 917 (N.D. Cal. 2009) ("[N]ominal damages, like speculative harm or fear of future harm, [does] not suffice to show legally

*Baker Botts L.L.P.*

cognizable damage under California contract law." (citing *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000))); *Iqbal*, 556 U.S. at 678. Because harm is a required element of breach, if harm is insufficiently pled, the entire claim of breach fails. *E.g.*, *Yunker*, 2013 WL 1282980, at *13. Here, Defendants make only a conclusory allegation as to harm: "Konda has been harmed by QuickLogic's breach of the 2010 Licensing and Consulting Agreement[,]" which is insufficient to allege a claim of actual (or appreciable) damage. Dkt. 35, ¶ 125. Thus, the Court should dismiss the entirety of Defendants' breach of contract counterclaims (Counterclaim Cause of Action One).[2]

> ### 2. Defendants' Damages Allegations Exceeding $260,000 Are Contrary to the Unambiguous Language of the 2010 CLA

Defendants' claim to restitution is unavailable for the additional reason that "'an enforceable, binding agreement exists defining the rights of the parties[]'." (*Parino v. BidRack, Inc.*, 838 F. Supp. 2d 900, 908 (N.D. Cal. 2011) (quoting *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996))). Defendants allege that they are entitled to "at least $1,500,000" in damages. *See* Dkt. 35, ¶ 127. But the allegations are at odds with the 2010 CLA. The 2010 CLA limits "either party's aggregate liability to the other party in connection with this Agreement" to "the amounts actually paid to Konda under this Agreement" (*See* Dkt. 1-3 at 4, § 7.2) which—at most—was $260,000 (*see id.* at 1–2, §§ 1.3, 2.3, 2.4). Because Defendants' allegations for breach of contract in excess of $260,000 are contrary to the express 2010 CLA term, Defendants' claims for actual damages fail and should be dismissed. *See Capella Photonics*, __ F. Supp. 3d. __, 2021 WL 2661081, at *2 (limiting damages based on a Rule 12 motion); *see also Swartz*, 476 F.3d at 763 ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." (citations omitted)).

> ### 3. Defendants' Patent Infringement and Breach of the 2010 CLA Allegations Based on a Theory that the License Was Revoked Are Contrary to the Unambiguous Language of the Agreement

Defendants make several allegations as part of their breach of contract cause of action that,

---

[2] Because Defendants fail to plausibly allege *any* appreciable and actual harm, they also necessarily fail to plausibly allege harm that occurred *as a result of the breach*.

Baker Botts L.L.P.

1    because QuickLogic allegedly breached the 2010 CLA, Konda Technologies' patent license to

2    QuickLogic was "automatically revoke[d]." Dkt. 35, ¶¶ 90, 105, 119, 123. These allegations are

3    implausible on the face of the counterclaims, which cite back to and incorporate the 2010 CLA

4    attached to QuickLogic's DJ Complaint. *See* Dkt. 35, ¶¶ 83, 90, 109, 130 145; *Swartz*, 476 F.3d at

5    763 (citations omitted). The 2010 CLA is unambiguous: the license is "***irrevocable***" (Dkt. 1-3 at 1,

6    § 1.2 (emphasis added)) and the 2010 CLA explicitly stated that the "***license shall survive***

7    ***termination*** or expiration of this agreement[]" (*id.*, § 1.4 (emphasis added)). Accordingly,

8    Defendants' allegations that the 2010 CLA license was revoked should be dismissed as contrary to

9    the unambiguous terms of the agreement. *E.g.*, *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063,

10   1084 (N.D. Cal. 2012) ("A court may resolve contractual claims on a motion to dismiss if the terms

11   of the contract are unambiguous." (citations omitted)).

12                    4.    Defendants' Breach of the 2010 CLA and Breach of Covenant Allegations
13                          Based on a Theory that QuickLogic Exceeded the Scope of the License Fail
                            As a Result of the Insufficient Infringement Allegations

14           The deficiencies in Defendants' patent infringement counterclaims (*see supra* § V.A) also

15   doom Defendants' counterclaims for breach of contract that relate to the patent license agreement

16   contained in the 2010 CLA (*see* Dkt. 35, ¶¶ 111–118). The 2010 CLA license language is

17   unambiguous. To demonstrate that QuickLogic exceeded the scope of the license agreement,

18   Defendants must prove (among other things) that "the Konda Intellectual Property [was]

19   ***incorporated or used in the programmable logic of QuickLogic products***."[3] Dkt. 1-3 at 1, § 1.2

20   (emphasis added). In other words, Defendants must demonstrate infringement by QuickLogic to

21   _____

22   [3] "Konda Intellectual Property" includes patent applications and all patents and publications that

23   claimed priority thereto. *Id.* at 1, § 1.1 (defining "Konda Intellectual Property" as "the intellectual

24   property listed on Exhibit A to this Agreement"), and 7–8, Ex. A (identifying only patent

25   applications); *see also Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1361–62 (Fed.

26   Cir. 2011) ("[I]t may be presumed that, absent a clear indication of mutual intent to the

27   contrary, . . . products are impliedly licensed under" "continuations [that] issue from parent patents

28   that have previously been licensed . . . .").

BAKER BOTTS L.L.P.

1    succeed on these breach claims. Thus, to adequately plead breach, it follows that Defendants must

2    adequately plead the underlying infringement allegations. Because the license terms regarding

3    breach are unambiguous such that infringement by QuickLogic is a prerequisite for any breach of

4    the license, the Court need not wait for a later stage of the case to resolve whether Defendants'

5    breach allegations based on the license should be dismissed. *Skilstaf, Inc. v. CVS Caremark Corp.*,

6    669 F.3d 1005, 1017–18 (9th Cir. 2012) (finding that the district court properly determined that an

7    agreement term was unambiguous and dismissing the case for failure to state a claim at the Rule 12

8    stage). Accordingly, Defendants' breach counterclaims necessarily fail as insufficiently pled

9    because Defendants have failed to adequately plead the prerequisite patent infringement.

10       Moreover, Defendants should not be allowed broad infringement discovery based on a

11   deficient breach allegation. *Iqbal*, 556 U.S. at 678–79 (finding that parties should not be able to

12   "unlock the doors of discovery . . . armed with nothing more than conclusions."); *see also Starr*, 652

13   F.3d at 1216. To allow a party to plead a breach of contract claim based on patent infringement

14   while not sufficiently alleging patent infringement—especially when that party has recently

15   admitted that it has no plausible basis for alleging patent infringement—would serve only as a

16   backdoor to unwarranted discovery.

17          5.    Any Theory Based on the 2010 CLA License Fails to Sufficiently Allege a
                  Breach

18   As discussed in Section V.B.4 immediately above, because Defendants' breach of contract

19   theory based on the license is based on alleged patent infringement and because Defendants failed

20   to plausibly allege patent infringement, Defendants necessarily failed to plausibly allege breach of

21   contract based on this theory. *See supra* § V.B.4. **Any** theory based on the 2010 CLA license,

22   however—whether rooted in alleged patent infringement or not—also fails to plausibly allege a

23   breach.

24       To support their theory that QuickLogic breached the scope of the license, Defendants allege

25   that (1) "QuickLogic has disclosed intellectual property and proprietary implementation details and

26   technical know-how Dr. Konda had disclosed to QuickLogic to the Open-Source FPGA Foundation

27   ("OSFPGA") repositories" (Dkt. 35, ¶ 114), and (2) "QuickLogic has publicly stated that

28

BAKER BOTTS L.L.P.

QuickLogic is the founding member of OSFPGA; and Mr. Faith is currently a Board Member of OSFPGA[]" (*id.*, ¶ 117), and (3) "QuickLogic incorporated QuickLogic code developed with Konda Intellectual Property in the OSFPGA repositories without Konda's authorization to do so[]" (*id.*). The "factual" bases for the allegations—that QuickLogic disclosed to the OSFPGA any of Defendants' "intellectual property and proprietary implementation details and technical know-how" or "incorporated QuickLogic code developed with Konda Intellectual Property in the OSFPGA repositories"—are ***entirely conclusory*** and fail to establish a claim under this theory. *E.g.*, *Athena Feminine Techs Inc. v. Wilkes*, No. C 10-4868 SBA, 2013 WL 450147, at *3 (N.D. Cal. Feb. 6, 2013) (dismissing a breach of contract claim because there was no "factual showing that the purported 'next generation products' are actually *derived from* Plaintiff's confidential information or the PEX. The absence of such facts is fatal to Plaintiff's claim that Defendants . . . breached the Confidential Agreement . . . ."); *see also Iglesia Ni Cristo v. Cayabyab*, No. 18-cv-00561-BLF, 2018 WL 4674603, at *8 (N.D. Cal. Sept. 26, 2018); *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("The court need not . . . accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (internal quotation marks and citation omitted)). Additionally, the January 10 email from Defendants' counsel and Defendants' previous declarations contradict these conclusory allegations, for the same reasons discussed above. *See supra* § V.A.1 (citing Dkt. 25-3, Ex. R at 2; Dkt. 20-1, ¶¶ 30, 31; Dkt. 29-1, ¶¶ 40, 41). As such, Defendants' breach of contract theory based on a breach of the 2010 CLA license should be dismissed for the additional reason that it is insufficiently pled.

6. <u>Three of Defendants' Four Theories Based on the Informal Dispute Resolution Clause Fail to Plausibly Allege a Breach</u>

While not entirely clear due to the lack of specificity in Defendants' allegations, Defendants appear to allege that QuickLogic breached the 2010 CLA's informal dispute resolution clause (Section 8.7) under four theories: (1) engaging counsel before filing its Complaint and thus "start[ing] the formal legal proceedings[]" (*see* Dkt. 35, ¶¶ 89 and 90); (2) failing to notify Defendants that "QuickLogic departed from the FPGA Interconnect architecture non-exclusively licensed from Konda" (*see id.*, ¶ 104); (3) having counsel send a response to a request by Dr. Konda

1  to invoke the 2010 CLA's informal dispute resolution clause after QuickLogic had already filed a

2  Complaint (*see id.*, ¶ 106); and (4) filing its Complaint "without the officers of Konda Tech and

3  QuickLogic ever having met" (*see id.*, ¶ 102).

4      At least three of these theories—engaging counsel before filing its Complaint, failing to

5  notify, and having counsel communicate with Dr. Konda after QuickLogic filed its Complaint—

6  cannot constitute a breach because the informal dispute resolution clause unambiguously does not

7  require or prohibit any of these actions, and Defendants do not and cannot plead an interpretation

8  that indicates otherwise. *See* Dkt. 1-3 at 5, § 8.7; *E.g.*, *Ellsworth*, 908 F. Supp. 2d at 1084 ("A court

9  may resolve contractual claims on a motion to dismiss if the terms of the contract are unambiguous."

10  (citations omitted)). Accordingly, Defendants' breach of contract claims under these three theories

11  based on the informal dispute resolution clause should be dismissed as contrary to the unambiguous

12  language of the dispute resolution clause.[4]

13  **C.    Defendants Have Failed to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing (Counterclaim Cause of Action Two)**

14

15      1.    Defendants' Allegations Seek to Expand the Limits of the 2010 CLA and Are Superfluous in View of Defendants' Breach of Contract Claim

16      "[I]n most cases, a claim for breach of the implied covenant can add nothing to a claim for

17  breach of contract.'" *Lewis*, 461 F. Supp. 3d at 961 (quoting *Lamke v. Sunstate Equip. Co.*, 387 F.

18  Supp. 2d 1044, 1047 (N.D. Cal. 2004)). This is one of those cases. Here, except for Defendants'

19  alleged damages (discussed below), Defendants' breach of covenant allegations are entirely

20  duplicative of their breach of contract allegations. Defendants incorporated all of their allegations

21  from their "Factual Background" section of their counterclaims into their breach-of-contract cause

22  of action (Dkt. 35, ¶ 107). All of the allegations under the heading for Defendants' breach-of-

23  covenant counterclaim are near word-for-word copies of allegations that already appeared (1) in the

24

25  [4] As discussed above, Defendants have failed to provide any specific facts in support of their

26  allegation that they were harmed, including by the alleged lack of any meeting between an officer

27  of QuickLogic and Konda Tech. *See supra* § V.B.1. For this reason, Defendants have also failed to

28  state a claim for breach of contract under this theory.

BAKER BOTTS L.L.P.

"Factual Background" section of Defendants' counterclaims (*compare id.*, ¶¶ 84–90 & 105, *with id.*, ¶¶ 137–45) and/or (2) under the heading for Defendants' breach-of-contract counterclaim (*compare id.*, ¶¶ 109–117 & 120–25, *with id.*, 130–139 & 145–50). Accordingly, Defendants' breach-of-covenant cause of action should be dismissed not only because (1) as already discussed above (*see supra*, §§ V.B.3–4), Defendants' allegations "seeks to impose limits 'beyond those to which the parties actually agreed'" but also because (2) Defendants' breach-of-covenant allegations are superfluous to their breach-of-contract allegations. *Lewis*, 461 F. Supp. 3d at 961 (quoting *Guz*, 24 Cal. 4th at 349).

### 2.   Defendants Cannot Recover Demanded Damages and Cannot Recover Attorneys' Fees

To the extent they differ from Defendants' alleged damages for breach of covenant differ from breach of contract, damages for breach of covenant are unavailable under (1) California law and (2) the terms of the 2010 CLA. Tort remedies are available for breach of the covenant of good faith and fair dealing only in cases involving insurance policies. *Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43 (1999); *Wexler v. Cal. Fair Plan Ass'n*, 63 Cal. App. 5th 55, 62 (2021); *In re Yahoo!*, 313 F. Supp. 3d at 1149. And restitution is unavailable "'when an enforceable, binding agreement exists defining the rights of the parties[]'" (*Parino*, 838 F. Supp. 2d at 908 (quoting *Paracor Fin.*, 96 F.3d at 1167)). Punitive damages are not available as a matter of law because, "[u]nder California law, . . . a party cannot collect punitive damages for breach of contract awards." *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231, 1247 (9th Cir. 2021) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994)). Thus, each of Defendants' demands for restitution and punitive damages fail as a matter of law. *In re Yahoo!*, 313 F. Supp. 3d at 1149. At best (if Defendants' claim can survive its myriad failings), California law limits Defendants to compensatory/actual damages, and those damages are unambiguously capped at $260,000. *See supra* § V.B.2.

Further, Defendants' claims for "reasonable attorney fees" (*see* Dkt. 35, ¶ 155) are also unavailable as a matter of law because "[a]ttorneys' fees are awarded under California law when a statute or contract provision so provides." *Buena Vista, LLC v. New Res. Bank*, No. C 10-01502

BAKER BOTTS L.L.P.

1   CW, 2011 WL 3794904, at *2 (N.D. Cal. Aug. 26, 2011) (citing *Reynolds Metals Co. v. Alperson*,

2   25 Cal. 3d 124, 127 (1979); *Lerner v. Ward*, 13 Cal. App. 4th 155, 158 (1993)). The 2010 CLA—

3   the apparent basis for the breach of covenant cause of action—contains no attorneys' fee provision

4   (*see* Dkt. 1-3), and Defendants fail to allege any applicable statute (*see* Dkt. 35, ¶ 155).

5           Defendants' alleged damages are also unavailable as a matter of law in view of the 2010

6   CLA. The 2010 CLA excluded "special, non-compensatory, punitive, incidental, consequential,

7   exemplary, or other indirect damages *of any kind or nature*, . . . *regardless of the form of action*,

8   whether in contract, tort, negligence, strict product liability or otherwise, incurred by the other party

9   and arising out of or in connection with this Agreement . . . ." Dkt. 1-3 at 4, § 7.1 (emphasis added).

10  For this additional reason, Defendants' allegations that they are entitled to "restitution" (non-

11  consequential damages) and "punitive damages" (*see* Dkt. 35, ¶¶ 153, 154) cannot be maintained.

12  *See Capella Photonics*, __ F. Supp. 3d. __, 2021 WL 2661081, at *2 (limiting damages on a Rule

13  12 motion).

14          **D.      Defendants Have Failed to State a Claim for Breach of Confidential
                      Relationship or Breach of Confidence (Counterclaim Cause of Action Three)**

15          Defendants titled a section of the counterclaims "Breach of Confidential Relationship," but

16  then state the elements for a breach of confidence counterclaim. *See* Dkt. 35 at 24:11–12 & ¶ 157.

17  To the extent Defendants intended to claim a breach of confidential relationship, Defendants have

18  failed to adequately allege that QuickLogic and Defendants are or were in any such relationship

19  because Defendants have failed to allege any facts indicating any vulnerability on the part of

20  Defendants. *See* Dkt. 35, ¶¶ 157–66; *Persson*, 125 Cal. App. 4th at 1161 (citing *Richelle L.*, 106

21  Cal. App. 4th at 272). The California Court of Appeals has determined, for example, that arms-

22  length business negotiations without any evidence of "similar vulnerability or incapacity," is not a

23  confidential relationship as a matter of law. *Persson*, 125 Cal. App. 4th at 1160–62. Indeed, the 2010

24  CLA explicitly stated that "[n]othing in this Agreement shall be construed as creating any agency

25  or partnership between the parties . . . ." Dkt. 1-3 at 5, § 8.3. Defendants have therefore failed to

26  plausibly allege a confidential relationship. *E.g.*, *Strawflower Elecs., Inc. v. Radioshack Corp.*, No.

27  C-05-0747 MMC, 2005 WL 2290314, at *5 (N.D. Cal. Sept. 20, 2005).

28

---

QUICKLOGIC'S MOTION TO DISMISS                              Case No. 21-cv-04657-EJD

BAKER BOTTS L.L.P.

1    To the extent Defendants intended to claim a breach of *confidence* in its third counterclaim,

2    Defendants have also failed to adequately plead such a claim. As an initial matter, for the same

3    reasons described above, Defendants have failed to adequately allege that QuickLogic disclosed or

4    used Defendants' confidential and novel information and instead rely on conclusory allegations,

5    unwarranted deductions of fact, and unreasonable inferences. *See supra* § V.B.5 (citing *Iqbal*, 556

6    U.S. at 681–82; *In re Gilead*, 536 F.3d at 1055; *Athena Feminine Techs*, 2013 WL 450147, at *3;

7    *Iglesia Ni Cristo*, 2018 WL 4674603, at *8).

8    Further, Defendants' allegations fail because they are based entirely on an express contract

9    entered into between QuickLogic and Konda Technologies. *See, e.g.*, Dkt. 35, ¶¶ 159–63 (relying

10   on the 2010 CLA). "A breach of confidence claim . . . must be based on an implied obligation or

11   contract – not an express contract." *Huynh v. Quora, Inc.*, No. 18-cv-07597-BLF, 2019 WL

12   11502875, at *8 (N.D. Cal. Dec. 19, 2019) (citations omitted) (further finding that "because

13   Plaintiff's' breach of confidence claim is based on an express contract, Plaintiffs fail to state a

14   claim."). Defendants allege that "Dr. Konda provided Konda's confidential information

15   to . . . QuickLogic ***under the terms of a licensing and consulting project in September 2010***" (Dkt.

16   35, ¶ 159 (emphasis added)) and allege that QuickLogic breached the 2010 CLA's patent license

17   (*id.*, ¶ 163). Because Defendants' allegations are based on an express contract, their breach of

18   confidence claim fails as a matter of law.

19   To the extent Defendants argue that its claim is based on an implied obligation or contract,

20   such allegations are absent from the counterclaims. *See* Dkt. 35, ¶ 158. Additionally, the 2010 CLA

21   demonstrates that any such allegations would be contrary to the express language of the agreement.

22   Although the 2010 CLA contains no promises by QuickLogic to Konda Technologies to maintain

23   confidentiality (*see* Dkt. 1-3 at 2, § 3.1), ***the 2010 NDA attached to the counterclaims does*** (*see*

24   Dkt. 35-1, Ex. A at 1–2, §§ 1.2, 3, & 4). "'There cannot be a valid, express contract and an implied

25   contract, each embracing the same subject matter, existing at the same time.'" *Berkla v. Corel Corp.*,

26   302 F.3d 909, 918 (9th Cir. 2002) (quoting *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975)

27   and citing *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1419–20

28   (1996)). Accordingly, Defendants cannot state this claim as a matter of law because it cannot be

based on an implied obligation or contract.

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (1) dismiss Defendants' counterclaims, (2) dismiss any implausible theories pled for Defendants' counterclaims, and/or (3) dismiss all of Defendants' claims for certain damages (including punitive damages) and attorneys' fees that are unavailable under any surviving theory.

BAKER BOTTS L.L.P.

1

DATED: February 9, 2022          BAKER BOTTS LLP

2
                                 By: /s/    *Jon V. Swenson*
3                                    G. Hopkins Guy III (CA Bar No. 124811)
                                     Email: hop.guy@bakerbotts.com
4                                    Jon V. Swenson (CA Bar No. 233054)
                                     Email: jon.swenson@bakerbotts.com
5                                    John F. Gaustad (CA Bar No. 279893)
                                     Email: john.gaustad@bakerbotts.com
6                                    1001 Page Mill Road, Bldg. One, Suite 200
                                     Palo Alto, CA 94304
7                                    T: (650) 739-7500
                                     F: (650) 739-7699
8
                                     Sarah J. Guske (State Bar No. 232467)
9                                    Email: sarah.guske@bakerbotts.com
                                     101 California Street, Suite 3200
10                                   San Francisco, CA 94111
                                     T: (415) 291-6200
11                                   F: (415) 291-6300

12

13                                   *Attorneys for Plaintiff QuickLogic Corporation*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28