UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUICKLOGIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KONDA TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 5:21-cv-04657-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART QUICKLOGIC'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AND ORDER TO SHOW CAUSE**<br><br>Re: ECF Nos. 66, 76 |

This matter comes before the Court on cross-motions relating to the question of how Plaintiff QuickLogic Corporation's ("QuickLogic") declaratory judgment claims should be resolved after the Court dismissed the mirror image counterclaims with prejudice. QuickLogic filed a motion for judgment on the pleadings that each of its claims should be dismissed as moot. QuickLogic's Mot. for J. on the Pleadings ("QuickLogic Mot."), ECF No. 66. It also asks the Court to find it the prevailing party and award costs. Defendants Konda Technologies, Inc. and Venkat Konda ("Defendants") oppose QuickLogic's motion and also filed a cross-motion to dismiss the declaratory judgment claims for failure to state a claim and lack of subject-matter jurisdiction. Defs.' Mot. to Dismiss ("Defs.' Mot."), ECF No. 76. Defendants further request that the Court permit discovery into QuickLogic's claims. For the reasons set forth below, the Court finds that it lacks subject-matter jurisdiction over QuickLogic's non-breach of contract claim, that QuickLogic's patent non-infringement claims are moot, that discovery is not appropriate at this stage of litigation, and that QuickLogic is the prevailing party and entitled to costs. As such, the

Case No.: 5:21-cv-04657-EJD
ORDER RE QUICKLOGIC MOT. FOR J. ON THE PLEADINGS & DEFS.' MOT. TO DISMISS; ORDER TO SHOW CAUSE

1

1   Court GRANTS IN PART and DENIES IN PART QuickLogic's motion for judgment on the

2   pleadings, and it GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.

## I. BACKGROUND

On June 16, 2021, QuickLogic filed a complaint for declaratory judgment. Compl., ECF No. 1. In its complaint, QuickLogic alleged non-breach of a 2010 licensing agreement between the parties (the "2010 Agreement") and non-infringement of certain patents owned by Defendants. As to the non-infringement claims, QuickLogic explained that it had licensed certain patent rights from Defendants pursuant to the 2010 Agreement, so it was seeking a declaration of non-infringement only as to patents that were unlicensed. *Id.* ¶ 19.

On January 19, 2022, Defendants answered and filed counterclaims alleging patent infringement, breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of confidential relationship. Answer & Countercls., ECF No. 35. Thereafter, on August 2, 2022, the Court dismissed all counterclaims. Aug. 2, 2022 Order ("Prior Order"), ECF No. 62. The Court permitted Defendants to amend only their breach of contract counterclaim, and only to the extent they were claiming that QuickLogic failed to follow the informal dispute resolution procedures called for by the 2010 Agreement. *Id.* at 14, 17. The Court set the deadline for amendment as September 1, 2022, and it ordered that failure to amend by the deadline would result in dismissal with prejudice. *Id.* at 17. Defendants did not amend their counterclaim.

Subsequently, on September 29, 2022, QuickLogic filed its motion for judgment on the pleadings. *See* QuickLogic Mot. On December 14, 2022, Defendants filed their opposition and cross-motion to dismiss, which they styled as a motion under Federal Rule of Civil Procedure 12(h). *See* Defs.' Mot. Because Rule 12(h) describes when certain defenses are waived but does not provide a basis for raising those defenses in a motion, the Court will construe Defendants' cross-motion as one raised under Rules 12(b)(1) and 12(c).

## II. LEGAL STANDARD

### A. Rule 12(c) Motion

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are

1  closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Because a Rule 12(c) motion
2  is 'functionally identical' to a Rule 12(b)(6) motion," courts apply the same standard for both.
3  *Gregg v. Haw., Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Cafasso v. Gen.*
4  *Dynamics C4 Sys., Inc.* 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). On a Rule 12(c) motion, courts
5  "must accept all factual allegations in the complaint as true and construe them in the light most
6  favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A
7  complaint will survive such a motion only if it "contain[s] sufficient factual matter, accepted as
8  true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678
9  (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

**B.   Rule 12(b)(1) Motion**

A party may contest subject-matter jurisdiction by filing a Rule 12(b)(1) motion. Fed. R. Civ. P. 12(b)(1). A challenge may be "facial," where the party argues that there is a lack of jurisdiction on the face of the complaint, or it may be "factual," where the party presents evidence demonstrating the lack of jurisdiction on the facts of the case. *Johnson v. Tom*, 2019 WL 4751930, at *1 (N.D. Cal. Sept. 30, 2019) (first citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); and then citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Here, Defendants raise a facial attack because they submit no evidence in support of their motion. Thus, the Court evaluates Defendants' jurisdictional challenge "as it would a motion to dismiss under Rule 12(b)(6): Accepting [QuickLogic's] allegations as true and drawing all reasonable inferences in [QuickLogic's] favor, the [C]ourt determines whether the allegations are sufficient as a legal matter to invoke [its] jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir.2013)).

**III.  DISCUSSION**

As the Court's subject-matter jurisdiction is a threshold matter, the Court first addresses the issue of its jurisdiction over QuickLogic's non-breach of contract claim before turning the parties' arguments regarding mootness. The Court then addresses Defendants' request for discovery and QuickLogic's request to be declared the prevailing party and awarded costs.

Case No.: 5:21-cv-04657-EJD
ORDER RE QUICKLOGIC MOT. FOR J. ON THE PLEADINGS & DEFS.' MOT. TO DISMISS; ORDER TO SHOW CAUSE

3

### A. Subject-Matter Jurisdiction

The federal courts "are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). So, if a district court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Although QuickLogic brings its claims under the Federal Declaratory Judgment Act, that statute "does not by itself confer federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). Instead, QuickLogic was "required to plead an independent basis for federal jurisdiction." *Id.*

Here, it is apparent that the Court does not have original jurisdiction over QuickLogic's non-breach of contract claim. Contract is an archetypical state law cause of action, so federal question jurisdiction does not apply. *See* 28 U.S.C. § 1331. The complaint also pleads that all parties are California citizens, so diversity jurisdiction does not apply either. *See* 28 U.S.C. § 1332. And QuickLogic identifies no other statute conferring original jurisdiction as to its non-breach of contract claim.

However, even when a court lacks original subject-matter jurisdiction, it may still exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In turn, claims are part of the same case or controversy under Article III if they "derive from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Defendants argue that supplemental jurisdiction is lacking because the alleged breach of the 2010 Agreement's informal dispute resolution clause is wholly unrelated to any of the patent infringement alleged in this action. Defs.' Mot. at 12. In their view, this means that the non-breach of contract claim does not share a common nucleus of operative fact with QuickLogic's patent non-infringement claims (over which the Court does have original jurisdiction under the federal patent laws). *Id.* QuickLogic responds that Defendants have "previously embraced this

1  Court's jurisdiction for [their] breach [of contract] counterclaim." QuickLogic Reply at 14, ECF

2  No. 77. QuickLogic also suggests that the breach of contract counterclaim was based in part of

3  QuickLogic's alleged patent infringement, creating a common nucleus of operative fact between

4  the contract and patent counterclaims. *Id.* QuickLogic does not explain why its focuses on

5  Defendants' breach of contract counterclaim rather than its own non-breach of contract claim, but

6  it appears to be implicitly arguing that a finding of jurisdiction as to the counterclaims is equally

7  applicable to QuickLogic's claims because the counterclaims are mirror images of QuickLogic's

8  claims.

9  At the outset, the Court notes that "[s]ubject-matter jurisdiction can never be waived or

10 forfeited," so it is irrelevant that Defendants purportedly "embraced" the Court's jurisdiction

11 previously. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Indeed, objections to subject-matter

12 jurisdiction "may be resurrected at any point in the litigation, and a valid objection may lead a

13 court midway through briefing to dismiss a complaint in its entirety." *Id.* This is so even if

14 "[m]any months of work on the part of the attorneys and the court may be wasted." *Id.* (quoting

15 *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). Consequently, the Court

16 must substantively consider whether it has jurisdiction over the non-breach of contract claim. The

17 Court finds that it does not.

18 Although QuickLogic suggests the contract and patent infringement claims in this action

19 are inextricably linked, QuickLogic leaves out an important fact: The patents for which

20 QuickLogic raised claims of non-infringement are *not* the patents that were licensed under the

21 2010 Agreement. Compl. ¶ 19. *Compare id.*, *with* Compl., Ex. 3 ("2010 Agreement") at 7–8,

22 ECF No. 1-3 (list of licensed intellectual property). In fact, QuickLogic takes pains to emphasize

23 this point in its complaint, stating that, because "QuickLogic is licensed to certain patent rights in

24 the Patent Portfolio pursuant to the 2010 Agreement . . . only the *unlicensed patents* in the Patent

25 Portfolio are at issue in this case." Compl. ¶ 19. Since the patents for which QuickLogic seeks a

26 declaration of non-infringement are mutually exclusive with the intellectual property licensed

27 under the 2010 Agreement, its patent non-infringement claims do not share a common nucleus of

28 Case No.: 5:21-cv-04657-EJD
ORDER RE QUICKLOGIC MOT. FOR J. ON THE PLEADINGS & DEFS.' MOT. TO DISMISS; ORDER TO SHOW CAUSE

1  operative fact with its non-breach of contract claim. As such, the Court does not have

2  supplemental jurisdiction over QuickLogic's non-breach of contract claim.[1]

3  Accordingly, the Court GRANTS Defendants' motion insofar as it seeks to dismiss the

4  non-breach of contract declaratory relief claim for lack of jurisdiction and DENIES QuickLogic's

5  motion to the extent it seeks to dismiss the same claim as moot.

### B.   Mootness

"A federal court has no authority to issue a declaratory judgment apart from that authority granted it by the Declaratory Judgment Act, which requires by its terms that an 'actual controversy' exist between the parties before the court." *Gladwell Governmental Servs., Inc. v. Cnty. of Marin*, 2005 WL 2656964, at *1 (N.D. Cal. Oct. 17, 2005) (citing 28 U.S.C. § 2201; *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 240 (1937)). The "actual controversy" must exist "at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If a case "lo[ses] its character as a present live controversy," it is moot. *Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989). To determine whether a claim for declaratory relief is moot, a court must analyze "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 867 (9th Cir. 2017) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Applying this test, courts have found that declaratory relief claims are moot when their mirror image counterclaims are dismissed with prejudice. *See Warshawer v. Tarnutzer*, 2016 WL 3916988, at *5 (W.D. Wash. July 20, 2016).

---

[1] Defendants' counterclaim for infringement of Patent No. 8,898,611 (" '611 Patent"), a patent which does not appear in QuickLogic's declaratory relief claims, does have a connection with the intellectual property licensed under the 2010 Agreement. *See* Answer & Countercls. ¶¶ 494–510 (Seventeenth Cause of Action). Namely, the '611 Patent lists two patent applications licensed under the 2010 Agreement as "Related U.S. Application Data." *Id.*, Ex. P at 1, ECF No. 35-3; 2010 Agreement at 8. To the extent that the later-filed counterclaims are even relevant to the Court's subject-matter jurisdiction over the earlier-filed declaratory relief claims, the Court finds that this thin connection between the '611 Patent and two licensed applications is insufficient to form a common nucleus of operative fact between QuickLogic's non-breach of contract claim and any patent claim or counterclaim.

Case No.:   5:21-cv-04657-EJD
ORDER RE QUICKLOGIC MOT. FOR J. ON THE PLEADINGS & DEFS.' MOT. TO DISMISS; ORDER TO SHOW CAUSE

6

QuickLogic makes the same argument that the *Warshawer* court accepted. It asserts that its patent non-infringement claims are moot because the Court already dismissed the mirror image counterclaims with prejudice. QuickLogic Mot. at 5–6. In their opposition and cross-motion, Defendants do not address QuickLogic's arguments for mootness. *See generally* Defs.' Mot. Only in their reply in support of their cross-motion do Defendants touch upon mootness. But even then, they do not dispute that dismissal of their counterclaims with prejudice would moot QuickLogic's declaratory relief claims; rather, they argue that the Court did not dismiss their counterclaims with prejudice at all because the Court dismissed some of those counterclaims using the words, "without leave to amend," instead of the words, "with prejudice." Defs.' Reply in Support of Mot. to Dismiss at 8–9, ECF No. 80.

Defendants misunderstand the Court's Prior Order. Although Defendants are correct that the Court used different language when dismissing different claims, and sometimes, there may be a meaningful difference between "without leave to amend" and "with prejudice," in the context of the Prior Order, it is clear that all counterclaims were dismissed with prejudice. The Court analyzed each of Defendants' counterclaims on the merits of their allegations and dismissed them because they failed to state a claim. Prior Order at 10–16. When the Court found that amendment would be futile and denied leave to amend, it was not doing so on jurisdictional grounds and was not allowing Defendants to refile their counterclaims later. *Id.* The end result is that Defendants' counterclaims were dismissed with prejudice, whatever words the Court used to describe it.

Consequently, the Court finds that QuickLogic's patent non-infringement claims are moot, GRANTS QuickLogic's motion as to those claims, and DENIES as moot Defendants' motion as to those claims. The Court does not address the mootness of QuickLogic's non-breach of contract claim because it already determined that it is without subject-matter jurisdiction as to that claim.

**C.     Discovery**

Because QuickLogic's patent non-infringement claims are moot and the Court lacks jurisdiction over QuickLogic's non-breach of contract claim, the Court DENIES Defendants' request for discovery into those claims.

Case No.: 5:21-cv-04657-EJD
ORDER RE QUICKLOGIC MOT. FOR J. ON THE PLEADINGS & DEFS.' MOT. TO DISMISS; ORDER TO SHOW CAUSE

7

### D. Prevailing Party

Federal Rule of Civil Procedure Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party."  In a patent action, Federal Circuit law determines prevailing party status while regional circuit law governs the decision regarding an award of costs.  *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004).

The Federal Circuit requires a prevailing party to (1) have received "at least some relief on the merits," and (2) for that relief to "materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party."  *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) (quoting *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010)).  However, a party need not prevail on all claims in order to qualify as a prevailing party.  *Shum*, 629 F.3d at 1367–68.  Dismissal of a party's infringement suit with prejudice is "tantamount to a decision on the merits" and is sufficient to establish that the opposing party is prevailing.  *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1307 (Fed. Cir. 2018).

Ninth Circuit law provides that, once a court determines a party is prevailing, Rule 54(d)(1) creates "a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."  *Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).

Under these tests, the Court finds that QuickLogic is the prevailing party and is entitled to costs.  By securing the dismissal with prejudice of Defendants' patent infringement counterclaims, QuickLogic won "some relief on the merits" and "alter[ed] the legal relationship between the parties," because Defendants can no longer raise those patent infringement claims against QuickLogic.  *See SSL Servs.*, 769 F.3d at 1086.  That is sufficient to establish QuickLogic as the prevailing party.  *See Raniere*, 887 F.3d at 1307.  The fact that the Court now dismisses QuickLogic's non-breach of contract claim for lack of jurisdiction—and Defendants' state law counterclaims might also be dismissed for lack of jurisdiction rather than with prejudice (*see infra* Section IV)—does not change this conclusion because QuickLogic was not required to prevail on

Case No.: 5:21-cv-04657-EJD
ORDER RE QUICKLOGIC MOT. FOR J. ON THE PLEADINGS & DEFS.' MOT. TO DISMISS; ORDER TO SHOW CAUSE

8

1  all claims. Nor does the fact that the Court is mooting QuickLogic's patent non-infringement
2  claims change the analysis. So long as QuickLogic has won relief (as the Court just found that it
3  has), it is prevailing even if its claims are mooted. *See Dragon Intell. Prop., LLC v. Dish Network*
4  *LLC*, 956 F.3d 1358, 1361 (Fed. Cir. 2020) (finding defendants to be prevailing parties after the
5  plaintiff's infringement claims were mooted by *inter partes* review cancelling the asserted
6  patents). As a result, the Court finds that QuickLogic is prevailing. And because Defendants have
7  provided no reasons rebutting the presumption in favor of awarding costs, the Court awards costs
8  to QuickLogic.

## IV.  CONCLUSION

For the reasons given above, the Court finds that it is without subject-matter jurisdiction to hear QuickLogic's non-breach of contract claim. Therefore, the Court GRANTS Defendants' motion and DENIES QuickLogic's motion as to that claim, and it dismisses the claim without prejudice to refiling in state court. The Court also finds that QuickLogic's patent non-infringement claims are moot. Thus, it GRANTS QuickLogic's motion and DENIES Defendants' motion as to those claims, and it dismisses those claims as moot. The Court also DENIES Defendants' request for discovery into QuickLogic's claims, finds QuickLogic to be the prevailing party, and awards costs to QuickLogic.

Having now resolved QuickLogic's declaratory relief claims, the Court notes that the jurisdictional issues surrounding QuickLogic's non-breach of contract claim have raised doubts regarding the Court's subject-matter jurisdiction over Defendants' state law counterclaims. Even though no party has challenged the Court's jurisdiction over those counterclaims, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). And because jurisdictional questions "may be resurrected at any point in the litigation," *Gonzalez*, 565 U.S. at 141, the Court hereby ORDERS the parties TO SHOW CAUSE why it should not vacate the dismissals with prejudice of Defendants' state law counterclaims and instead dismiss those claims for lack of subject-matter jurisdiction. The parties shall file responses to the order to show

Case No.: 5:21-cv-04657-EJD
ORDER RE QUICKLOGIC MOT. FOR J. ON THE PLEADINGS & DEFS.' MOT. TO DISMISS; ORDER TO SHOW CAUSE
9

cause of no more than **fifteen (15) pages** by **August 25, 2023**.

**IT IS SO ORDERED.**

Dated: August 11, 2023

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California