G. HOPKINS GUY (State Bar No. 124811)
hop.guy@bakerbotts.com
JOHN F. GAUSTAD (State Bar No. 279893)
john.gaustad@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road, Bldg. One, Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

SARAH J. GUSKE (State Bar No. 232467)
sarah.guske@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Plaintiff QuickLogic Corporation.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| QUICKLOGIC CORPORATION,<br><br>*Plaintiff and Counter-Defendant*,<br><br>v.<br><br>KONDA TECHNOLOGIES, INC. AND VENKAT KONDA,<br><br>*Defendants and Counter-Plaintiffs*. | Case No. 21-cv-04657-EJD<br><br>**QUICKLOGIC CORP.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES (Dkt. 91)**<br><br>Judge: Hon. Edward J. Davila<br>Date: May 9, 2024<br>Time: 9:00 a.m.<br>Courtroom: 4 – 5th Floor |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

I. INTRODUCTION ................................................................................................... 1

II. SUPPLEMENTAL FACTUAL BACKGROUND ................................................. 2

    A. QuickLogic's Motion for Attorneys' Fees, Konda Technologies' Failure to Obtain New Counsel, and QuickLogic's Motion for Entry of Default and Default Judgment ............................................................................. 2

III. ARGUMENT ........................................................................................................... 5

    A. The Additional Misconduct by Defendants, Bhrambhatt, Dahlgren, and Milks Is Further Evidence that Attorneys' Fees Are Warranted in This Case ............................................................................................................ 5

    B. The Additional Amount of Fees Sought By QuickLogic Is Reasonable ... 6

IV. CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Goodyear Tire & Rubber Co. v. Haeger*,
  581 U.S. 101 (2017) ..................................................................................................................8

*In re PersonalWeb Technologies LLC*,
  85 F.4th 1148 (Fed. Cir. 2023) .................................................................................................8

**STATUTES**

35 U.S.C. § 285 ...............................................................................................................................4

28 U.S.C. § 1927 .............................................................................................................................4

**RULES**

Federal Rule of Civil Procedure 60 ................................................................................................2

Civil Local Rule 54-5 .....................................................................................................................8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court declared QuickLogic Corp. ("QuickLogic") the prevailing party on August 11, 2023. QuickLogic anticipated quickly meeting and conferring in good faith with Defendants Venkat Konda ("Konda") and Konda Technologies, Inc. ("Konda Technologies") (collectively, "Defendants"), filing its bill of costs and motion for attorneys' fees, and finally concluding this nearly-three-year-old case that QuickLogic won at the pleadings stage. Defendants and their counsel have instead continued their bad-faith conduct, unreasonably and vexatiously multiplying the proceedings.

After QuickLogic attempted to begin meet-and-confer efforts on its motion for attorneys' fees and requested an extension, Defendants fired Derek Dahlgren ("Dahlgren") and Deepali Bhrambhatt ("Brahmbhatt") as their counsel. Defendants, Dahlgren, and Bhrambhatt all failed to immediately inform QuickLogic or the Court of this change in circumstances. Dahlgren even went so far as to tell QuickLogic on *the day before QuickLogic's motion was due* that Defendants were still his "client," with whom he allegedly needed to confer because he had been on vacation. By then, QuickLogic had been forced to prepare and present an administrative motion to the Court regarding the briefing schedule. Then, *on the day that QuickLogic's motion was due*, Dahlgren informed QuickLogic that he could not stipulate to any extension and that he was no longer Defendants' counsel. This misconduct unsurprisingly prejudiced QuickLogic, both by requiring a one-sided administrative motion and putting QuickLogic into a position that it had to file its fee motion on August 25th.[1]

Defendants and their counsel then continued their war of attrition against QuickLogic. Defendant Konda Technologies could not proceed without representation by counsel. Defendants and their counsel created months of needless delay and forced QuickLogic's counsel to attend three

---

[1] Defendants and their counsel have tried to weaponize their failure to respond to QuickLogic's attempts to meet and confer. *See, e.g.*, Dkt. 127-3 at 16:5–7 ("Your honor, you know, there was no proper meet and confer on the fees motion before the filing of the recent fees motion as required.").

status conferences. At each of these conferences, Defendants, Dahlgren, and Bharmbhatt all offered various excuses for why Defendant Konda Technologies could not locate counsel despite an allegedly diligent search, most often pinning blame on either (1) QuickLogic's motion for attorneys' fees (2) Defendants' hiring of a transactional firm that had rights over its patent portfolio.

These excuses ultimately proved factually baseless. After the third status conference, QuickLogic filed a motion for entry of default and default judgment against Defendant Konda Technologies. Then, a mere *hours* before the hearing, counsel appeared for Defendant Konda Technologies to moot QuickLogic's motion for default. But this was not the new attorney that Defendants claim they had been diligently searching for: it was William C. Milks, III ("Milks"), the original attorney who had represented Defendants in this lawsuit. Nothing prevented Mr. Milks from reappearing in August 2023 to move this case forward, and the only reasonable explanation for his appearance at the last possible moment is Defendants' and their counsel's desire to frustrate QuickLogic's efforts to end this litigation.

This misconduct has not only delayed justice but continued to run up QuickLogic's attorneys' fees, contributing to QuickLogic's accrual of an additional $111,731.70 in fees since August 1, 2023, the beginning of the period not yet accounted for in QuickLogic's motion for attorneys' fees (Dkt. 91). QuickLogic respectfully requests that the Court consider this additional misconduct in considering QuickLogic's motion for attorneys' fees and factor these newly accrued fees into its decision.[2]

**II.   SUPPLEMENTAL FACTUAL BACKGROUND**

   **A.   QuickLogic's Motion for Attorneys' Fees, Konda Technologies' Failure to Obtain New Counsel, and QuickLogic's Motion for Entry of Default and Default Judgment**

---

[2] Unfortunately, these are not the last of the fees that QuickLogic will likely incur in this matter. QuickLogic still has to file replies to up to six different opposition briefs, file an opposition to a frivolous motion that Defendants intend to file under Rule 60(b), attend any further hearings, and defend any appeals. QuickLogic maintains its request that the Court retain jurisdiction to adjust the amount of attorneys' fees awarded based on such future events and determinations in this case.

QUICKLOGIC'S SUPPLEMENTAL BRIEF                                Case No. 21-cv-04657-EJD

On August 14, 2023, a mere three days after the Court found that it was the prevailing party, QuickLogic began efforts to meet and confer regarding its anticipated motion for attorneys' fees, explicitly requesting an extension to the Rule 54 deadline. *See* Dkt. 91-2 at 3. Yet, on August 18, 2023, unbeknownst to QuickLogic, Defendants apparently fired Dahlgren and Brahmbhatt. Dkt. 87, ¶ 2; Dkt. 103-3, ¶ 8; Dkt. 120-1, ¶ 11. Defendants, Dahlgren, and Brahmbhatt failed to inform QuickLogic or the Court of this firing. Dahlgren delayed responding to QuickLogic's meet-and-confer efforts until August 24, 2023—the *day before* QuickLogic's motion for attorneys' fees was due—at which point he represented that he "ha[d] been out of the office and need[ed] to confer with [his] client"[3] (Dkt. 91-2 at 2)—who was actually *no longer* his client, given the firing six days prior. These delays, omissions, and misrepresentations were an apparent attempt to frustrate QuickLogic's attempt to file its motion for attorneys' fees within the applicable deadline. QuickLogic did not learn that Defendants had fired Dahlgren and Brahmbhatt until August 25, 2023, the day its Motion for Attorneys' Fees was due. *See* Dkts. 85 & 86. During that timeframe, because Defendants' counsel was failing to respond to meet-and-confer communications, QuickLogic was forced to unilaterally file an Administrative Motion to for Clarification of the Court's August 11, 2023 Order and/or Enlargement of Time (Dkt. 84) and then prepare its Motion for Attorneys' Fees (Dkt. 91) for filing to avoid waiver.

Defendant Konda Technologies thereafter repeatedly failed to obtain new counsel, forcing QuickLogic to participate in three status conferences, each time requiring preparation and attendance by QuickLogic's attorneys. *See generally* Dkt. 109-2 (Oct. 5, 2023 Status Conf. Tr.); Dkt. 127-2 (Nov. 9, 2023 Status Conf. Tr.); Dkt. 127-3 (Dec. 6, 2023 Status Conf. Tr.). At the first

---

[3] It is unclear what impact being "out of the office" had on Mr. Dahlgren's ability to communicate with QuickLogic's counsel, given that his co-counsel later represented on the record that, when QuickLogic tried to reach Mr. Dahlgren and Defendants' counsel by e-mail, Mr. Dahlgren "was already speaking with Dr. Konda on the termination and things like that." *See* Dkt. 127-3 at 16:8–10. Additionally, at least Ms. Brahmbhatt could have responded if Mr. Dahlgren was indeed unavailable.

QUICKLOGIC'S SUPPLEMENTAL BRIEF                                           Case No. 21-cv-04657-EJD
3

1   status conference, Defendants argued that they had not yet found new counsel because they had
2   entered into an exclusive agreement with a transactional firm that was helping them locate new
3   counsel. *See* Dkt. 109-2 at 4:22–5:12. Immediately before the second status conference, Defendants,
4   Brahmbhatt, and Dahlgren argued that QuickLogic's motion for attorneys' fees was preventing them
5   from locating new counsel (*see* Dkt. 112 at 1:3–7), and both Defendants and Bhrambhatt repeated
6   these arguments at the second status conference (*see* Dkt. 127-2 at 3:1–14 (Defendants), 10:22–
7   11:12 (Bhrambhatt)). At the third status conference, Defendants retreated to again suggesting that
8   the transactional firm was delaying the retention of new counsel (*see* Dkt. 127-3 at 9:24–10:14), and
9   the Court granted QuickLogic leave to file a motion for default against Konda Technologies. *See*
10  Dkt. 127-3 at 21:17. QuickLogic filed its motion for default on December 11, 2023. Dkt. 127.

11  Then, mere *hours* before the hearing on the motion for default, counsel appeared for Konda
12  Technologies. *See* Dkt. 134. But this was not the new counsel that Defendants, Bhrahmbhatt, and
13  Dahlgren had argued that Defendants were diligently looking for—it was Milks reappearing as
14  counsel for Konda Technologies (*see id.*), who had already engaged in conduct at the beginning of
15  the case that is sanctionable under 35 U.S.C. § 285,[4] 28 U.S.C. § 1927, and the Court's inherent
16  authority (*see* Dkt. 91 at 14:2–15:25). This eleventh-hour appearance mooted the motion for default
17  that Defendants had forced QuickLogic to file and for which the Court had set an in-person hearing
18  nearly two months earlier. *See* Dkt. 135. QuickLogic thereafter further met and conferred with
19  Defendants, Milks, Tollefson, Dahlgren, and Brahmbhatt on its motion for attorneys' fees (*see*
20  Suppl. Guske Decl., Ex. I), and it filed this supplemental brief following the Court's February 26,
21  2024 Order (Dkt. 140).

22  In its Motion, QuickLogic accounted for the approximately 608.9 hours that QuickLogic's
23  attorneys and legal professionals had worked through July 31, 2023, resulting in a total amount of
24  fees of $471,382.18. See Dkt. 91 at 17:8–9. Since August 1, 2024, QuickLogic's counsel has worked

---

[4] The Federal Circuit is considering the applicability of 35 U.S.C. § 285 to counsel in *Dragon Intellectual Property, LLC v. DISH Network L.L.C.*, No. 22-1621, which was argued and submitted on February 7, 2024.

QUICKLOGIC'S SUPPLEMENTAL BRIEF                  Case No. 21-cv-04657-EJD
4

approximately 155.6 hours and QuickLogic has or likely will incur approximately $111,731.70 in additional attorneys' fees, through January 31, 2024. Suppl. Guske Decl., ¶ 3.

**III. ARGUMENT**

    **A. The Additional Misconduct by Defendants, Bhrambhatt, Dahlgren, and Milks Is Further Evidence that Attorneys' Fees Are Warranted in This Case**

The above-described misconduct by Defendants, Bhrambhatt, Dahlgren, and Milks is inexcusable. Defendants, Bhrambhatt, and Dahlgren should have immediately informed QuickLogic and the Court that Defendants had fired Bhrambhatt and Dahlgren as counsel. Instead, they not only concealed this information from QuickLogic by refusing to initially respond to meet-and-confer communications, forcing QuickLogic to file an Administrative Motion for Clarification of the Court's August 11, 2023 Order and/or Enlargement of time. *See* Dkt. 84. And, when they did finally respond—Dahlgren contradicted the firing story by by describing Defendants as his "client." Dkt. 91-2. The motivation for this misconduct was clear: Defendants, Bhrambhatt, and Dahlgren were hoping that they could run out the clock on QuickLogic's statutory deadline for filing a motion for attorneys' fees or—at a minimum—cover for Defendants' and their own non-responsiveness with respect to the request for clarification and more time to file a fee motion or to manufacture an argument that QuickLogic failed to meet and confer before filing its motion. Although they were ultimately unsuccessful, this misconduct prejudiced QuickLogic by forcing it to scramble to file its motion for attorneys' fees by the deadline. And, predictably, Defendants and their counsel *have* argued that QuickLogic failed to meet and confer (*see, e.g.*, Dkt. 127-3 at 16:5–7), despite their refusal to engage in good faith.

Further, the last-minute appearance by Milks was designed to further run up QuickLogic's costs and delay resolution of this case. Defendants, Bhrambhatt, and Dahlgren all represented that Defendants were diligently looking for counsel, and Defendants and Bhrambhatt even went so far as to argue that QuickLogic's motion for attorneys' fees was preventing the appearance of counsel. But these arguments were misleading and disingenuous at best: Milks was apparently *always* available to step back in and save Defendant Konda Technologies from default. There was nothing stopping him from reappearing in August 2023—QuickLogic has regularly served him with filings

BAKER BOTTS L.L.P.

in this case since he first attempted to withdraw (*see, e.g.*, Dkts. 74, 78, 93, 128)—and the fact that he waited to appear until hours before the hearing on QuickLogic's motion for default judgment is further evidence that the true goals of Defendants and their counsel have been to delay and to try to wear QuickLogic down through a war of attrition. And not only has this misconduct wasted QuickLogic's time and resources, but it has wasted the Court's as well, forcing it to hold three status conferences and a hearing on QuickLogic's motion for default, the latter of which Defendants and their counsel mooted by having Milks appear at the eleventh hour, after briefing was complete.

### B. The Additional Amount of Fees Sought By QuickLogic Is Reasonable

Between August 1, 2023 and January 31, 2024, QuickLogic's attorneys and legal professionals at Baker Botts have approximately spent an additional 155.6 hours on this case, for a total of $111,731.70 during this time period. Suppl. Guske Decl., ¶ 3. This total includes time spent and attorneys' fees incurred on the following tasks:

| **Task** | **Hours** | **Fees** |
|---|---|---|
| Analyzing the Court's August 11, 2023 order and preparing a response to the Court's order to show case regarding jurisdiction | 31.2 | N/A (reflecting a $30,103.32 courtesy discount) |
| Attempting to meet and confer with opposing counsel regarding QuickLogic's motion for attorneys' fees, and drafting Administrative Motion for Clarification of the Court's August 11, 2023 Order and/or Enlargement of Time (Dkt. 84) | 2.1 | $1,447.68 |
| Preparing QuickLogic's Bill of Costs (Dkt. 90) and Motion for Attorneys' Fees (Dkt. 91) | 32.0 | $22,621.78 (with $3,431.78 courtesy discount) |
| Analyzing the effects of the Court's order granting QuickLogic's Administrative Motion for Clarification of the Court's August 11, 2023 Order and/or Enlargement of Time (Dkt. 92) | 0.8 | $847.86 |

| Task | Hours | Fees |
|---|---|---|
| Addressing various motions filed by Defendants and their counsel for a stay (Dkt. 86), for orders extending the time to respond to QuickLogic's attorneys' fees motion (Dkts. 95, 97, & 98), and to withdraw (Dkt. 103) | 9.9 | $9,909.51 |
| Preparing for and attending the October 5, 2023 status conference | 4.6 | $5,326.23 |
| Preparing QuickLogic's Motion to Enforce Civil Local Rule 3-15 (Dkt. 109) | 3.2 | $2,754.57 |
| Preparing QuickLogic's Opposition to Defendants' Request for an Extension to Respond to QuickLogic Corp.'s Administrative Motion for Enforcement of Civil Loral Rule 3-15 (Dkt. 111) | 1.7 | $938.73 |
| Preparing QuickLogic's Response to Devlin Law Firm's "Notice" to Bifurcate Plaintiff's Attorneys' Fees Motion (Dkt. 114) | 3.9 | $4,042.35 |
| Preparing for and attending the November 9, 2023 status conference | 3.7 | $4,583.67 |
| Meeting and conferring with Defendants and their counsel regarding schedule for QuickLogic's Motion for Attorneys' Fees | 0.9 | $836.94 |
| Reviewing Oppositions to QuickLogic's Motion for Attorneys' Fees filed by Brahmbhatt and Dahlgren | 2.9 | $3,116.49 |
| Preparing for and attending the December 6, 2023 status conference | 9.8 | $10,690.29 |
| Preparing QuickLogic's Motion for Entry of Default and Default Judgment Against Konda Technologies (Dkt. 127) | 22.8 | $16,111.68 |

BAKER BOTTS L.L.P.

QUICKLOGIC'S SUPPLEMENTAL BRIEF

7

Case No. 21-cv-04657-EJD

| Task | Hours | Fees |
|---|---|---|
| Drafting QuickLogic's Reply in Support of its Motion for Entry of Default and Default Judgment Against Konda Technologies (Dkt. 130) | 12.6 | $12,033.06 |
| Preparing for and attending the January 25, 2024 hearing on QuickLogic's Motion for Entry of Default and Default Judgment Against Konda Technologies | 10.5 | $13,128.57 |
| Preparing and meeting and conferring with Defendants and their counsel regarding Joint Statement in Response to the Court's January 25, 2024 Order (Dkt. 140) | 3.0 | $3,342.30 |

*Id.* QuickLogic can provide additional information to the Court pursuant to Local Rule 54-5(b)(2).

This brings the total amount of fees through January 31, 2024 to $583,113.88. Accordingly, QuickLogic requests that the Court award at least this amount to QuickLogic (subject to future adjustments). For the same reasons QuickLogic already explained in its Motion (*see* Dkt. 91, § V.F), the number of hours, the hourly rates, and the total fees sought by QuickLogic are reasonable. The amount of fees requested by QuickLogic are an order of magnitude lower than those recently affirmed in *In re PersonalWeb Technologies LLC*, 85 F.4th 1148, 1163 (Fed. Cir. 2023) ($5,187,203.99).

Defendants, Milks, Devlin, Brahmbhatt, and Tollefson are all jointly and severally liable for the misconduct that permeates this case, including the misconduct that resulted in the newly incurred fees. This is precisely the exceptional case anticipated by *Goodyear*, where "literally everything the defendant[s] did—'[their] entire course of conduct throughout,' and indeed preceding, the litigation—was 'part of a sordid scheme' to defeat a valid claim," conduct in the instant case that now includes attempting to thwart QuickLogic's ability to recover its fees. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51, 57 (1991)). The task of allocating fault for this scheme should fall on Defendants, Milks, Devlin, Brahmbhatt, and Tollefson—not QuickLogic or the Court.

//

## IV. CONCLUSION

QuickLogic respectfully requests that, in view of the misconduct described in QuickLogic's Motion for Attorneys' Fees and this Supplemental Brief, the Court (1) find the case and Defendants and Defendants' counsels' conduct exceptional, (2) sanction Defendants and Defendants' counsel under § 285, § 1927, and/or the Court's inherent authority, and (3) award QuickLogic $583,113.88 in attorneys' fees against Defendants and Defendants' counsel, jointly and severally. QuickLogic also respectfully requests that the Court retain jurisdiction over supplemental fee requests and the enforcement of its fee orders, including over Defendants' current and withdrawn counsel.

DATED: March 7, 2024          BAKER BOTTS LLP

By: /s/ *Sarah J. Guske*
    G. Hopkins Guy III (CA Bar No. 124811)
    Email: hop.guy@bakerbotts.com
    John F. Gaustad (CA Bar No. 279893)
    Email: john.gaustad@bakerbotts.com
    1001 Page Mill Road, Bldg. One, Suite 200
    Palo Alto, CA 94304
    T: (650) 739-7500
    F: (650) 739-7699

    Sarah J. Guske (State Bar No. 232467)
    Email: sarah.guske@bakerbotts.com
    101 California Street, Suite 3200
    San Francisco, CA 94111
    T: (415) 291-6200
    F: (415) 291-6300

*Attorneys for Plaintiff QuickLogic Corporation*