UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| QUICKLOGIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KONDA TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No.   21-cv-04657-EJD<br><br>**ORDER GRANTING IN PART QUICKLOGIC'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: ECF Nos. 91, 143 |

Before the Court is Plaintiff QuickLogic Corporation's ("QuickLogic") Motion for Attorneys' Fees under 35 U.S.C. § 285, 35 U.S.C. § 1927, and/or the Court's inherent authority. ECF No. 91 ("Mot."). QuickLogic seeks fees from Defendants Konda Technologies, Inc. ("Konda Technologies" or "Konda Tech.") and Venkat Konda ("Dr. Konda") (collectively, "Defendants"), and William C. Milks, III.[1]

## I.      BACKGROUND

### A.      Pre-Suit Interactions Between the Parties

On September 3, 2010, and October 5, 2010, respectively, Defendants and QuickLogic executed a Mutual Non-Disclosure Agreement and a Licensing and Consulting Agreement. *See* ECF No. 1-3 (the "2010 CLA"). Pursuant to the 2010 CLA, beginning in September 2010 and continuing through March 2011, Dr. Konda transferred information regarding Konda's intellectual

---

[1] QuickLogic's motion originally requested fees against Deepali Brahmbhatt, Brian Tollefson, and Derek Dahlgren, but QuickLogic has since withdrawn its request against Ms. Brahmbhatt, Mr. Tollefson, and Mr. Dahlgren. *See* ECF Nos. 162, 183, 190.

1   property and work product to QuickLogic's software engineers.

2          Dr. Konda alleged that during the ensuing years, from 2010 until 2021, QuickLogic

3   offered to enter a non-exclusive license or exclusive license for additional patents with Konda.

4   *See, e.g.*, Venkat Konda's Declaration in Support of Motion to Disqualify, ECF No. 45-1, ¶ 8.  In

5   2017, QuickLogic obtained consulting services from Dr. Konda for a comparison of "a) Konda

6   Tech's FPGA routing architecture licensed by QuickLogic in 2010, b) FPGA Routing architecture

7   implemented by Flex Logix Technologies, Inc. ('Flex Logix'), which is a competitor to

8   QuickLogic in eFPGA markets, and c) Konda Tech's routing architecture." *Id.* at ¶ 9.

9          On April 30, 2021, Dr. Konda emailed QuickLogic asking it to "confirm" that it "d[id] not

10  violate the licensing and consulting agreement signed in September 2010." ECF No.1-1 at 3.

11  That same day, QuickLogic responded that it was not violating the 2010 CLA because it "did not

12  commercialize the architecture from [Dr. Konda's] work" and instead "implemented a different

13  one." *Id.* at 2.  Dr. Konda responded alleging that QuickLogic had represented that it was "putting

14  QuickLogic's FPGA interconnect" into open source code, that "QuickLogic's FGPA interconnect

15  architecture in its products is based on the patents licensed by QuickLogic from Konda

16  Technologies," and concluding that if QuickLogic did not respond within four days, "that means

17  QuickLogic agrees with all [Defendants'] statements in this email." *Id.* at 1.

18         Two days later, QuickLogic's counsel informed Dr. Konda that it represented QuickLogic

19  with respect to the issues raised in Dr. Konda's letter, stating that counsel was evaluating the letter

20  and would respond accordingly.  ECF No. 1-4 at 1.  Dr. Konda then sent QuickLogic a cease-and-

21  desist letter on May 20, 2021, requesting that QuickLogic "cease and desist" (1) "[u]nauthorized

22  use or induce to use Konda Technologies FPGA Interconnect Patent Portfolio[,]" and (2)

23  "[v]iolation of the [2010 CLA]."  ECF No. 1-5.  Dr. Konda stated that QuickLogic's "fail[ure] to

24  comply" would result in "the filing of a lawsuit."  *Id.* at 2.  QuickLogic's counsel responded to

25  Defendants' cease-and-desist letter on May 26, 2021, contending that Defendants had failed to

26  identify any basis for its claims and that its claims were baseless.  ECF No. 1-6.

27         On June 8, 2021, Dr. Konda responded that he had not received QuickLogic's May 26,

28  Case No.: 21-cv-04657-EJD
    ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES
                                    2

2021, letter via certified mail.  ECF No. 1-17 at 15.  Dr. Konda and counsel for QuickLogic exchanged multiple emails, and counsel for QuickLogic informed Dr. Konda that it would "file the Declaratory Judgment Complaint on June 16, 2021 unless" Dr. Konda "provide[d] the bases for [his] claims."  *Id.* at 9.  Dr. Konda responded on June 15 proposing to "meet face to face" to "negotiate and resolve" the issues "without resorting to formal legal proceedings."  *Id.* at 4.  The parties exchanged additional emails, and on June 16, 2021, QuickLogic filed its complaint for declaratory judgment of noninfringement and non-breach of contract against Defendants.

### B.   Motions on the Pleadings and Subsequent Filings

Defendants' Motion to Dismiss.  On August 25, 2021, Defendants filed a motion to dismiss for lack of subject matter jurisdiction.  Defendants' Motion to Dismiss, ECF No. 19. Defendants argued that no "case of actual controversy" existed between the parties.  *Id.*  In connection with that motion, Defendants represented that (1) Dr. Konda "did not identify any particular patent infringed by QuickLogic or any specific infringing product(s)"; (2) "Dr. Konda did not conduct an infringement analysis"; and (3) Dr. Konda informed counsel for QuickLogic that "he wanted to meet with an officer of QuickLogic in accordance with the Informal Dispute Resolution procedure" set forth in the 2010 CLA.  *Id.* at 15–16.

Judge White denied Defendants' motion on January 3, 2022, finding that a substantial controversy existed between the parties as demonstrated by Defendants' sending the cease-and-desist letter dated May 20, 2021, which stated that Defendants "will have no other choice but to pursue all legal causes of action" and indicated that the letter served "as a pre-suit notice for a lawsuit to protect our interests."  ECF No. 34.

Defendants' Answer and Counterclaims.  On January 19, 2022, Defendants filed an Answer, stating that they did "not have sufficient information to admit or deny" QuickLogic's declaratory judgment claims for non-breach of contract and non-infringement of patents.  ECF No. 35.  Defendants attached to its Answer a letter Defendants sent QuickLogic on January 10, 2022, alleging that "QuickLogic put QuickLogic code developed with Konda Intellectual Property in OSFPGA repositories without Konda's permission to do so[,]" resulting in a breach of the 2010

Case No.: 21-cv-04657-EJD
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1    CLA and a revocation of the patent license in the 2010 CLA.  ECF No. 35-3, Exhibit S.

2        Defendants filed a breach of contract counterclaim and patent infringement counterclaims

3    that mirrored many of QuickLogic's declaratory judgment claims.  ECF No. 35 at 17–77

4    (counterclaims).  Defendants also brought state-law counterclaims based on QuickLogic's breach

5    of the 2010 CLA and counterclaims for infringement of additional patents.  *See id.*

6        QuickLogic's Motion to Dismiss.  On February 9, 2022, QuickLogic moved to dismiss

7    Defendants' counterclaims for failure to state claims upon which relief could be granted.  ECF

8    No. 43.  Defendants opposed the motion stating that "[s]ince the filing of Konda's original

9    counterclaims on January 18, 2022, Konda has conducted a patent infringement analysis based on

10   data regarding the development of QuickLogic's products."  ECF No. 51 at 5.  Defendants

11   submitted with their opposition a proposed amended answer and counterclaims.  ECF No. 51-4.

12   The amended answer did not compare QuickLogic's products to any claims in the asserted patents,

13   but it did include additional factual allegations regarding its breach of contract claim.  *See id.*

14   Defendants also alleged in the proposed amended answer that they had been harmed by

15   QuickLogic because they were unable to enter into a licensing agreement with Flex Logic.  *Id.*

16   ¶ 182.  Relatedly, QuickLogic submitted as an exhibit to its complaint for declaratory judgment a

17   screenshot of Konda Tech's website stating that "Konda Technologies Will Never License Konda

18   Tech IP to Flex Logix Technologies Inc."  ECF No. 1-7 at 4.

19       The Court granted in part and denied in part QuickLogic's motion.  The Court dismissed

20   all of Defendants' counterclaims without leave to amend with the exception of Defendants' breach

21   of contract counterclaim as to the informal dispute resolution ("IDR") clause—which the Court

22   permitted Defendants to amend by September 1, 2022.  ECF No. 62 at 17.  Defendants did not file

23   an amended answer.

24       Defendants' Motion to Disqualify.  On February 3, 2022, counsel for Defendants, Mr.

25   Milks, informed QuickLogic that it intended to file a motion to disqualify QuickLogic's counsel.

26   The Court denied Defendants' motion to disqualify on August 2, 2022, concluding that "[g]iven

27   the unlikelihood that an actual breach of confidentiality occurred, the strategic timing of the

28   Case No.: 21-cv-04657-EJD
     ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES
     4

United States District Court
Northern District of California

1   motion (filed just days after Defendants' motion to dismiss was denied), and the delay in filing,

2   Defendants' motion appears to be motivated by a desire to derail the ongoing litigation."  ECF No.

3   62 at 10.

4         QuickLogic's Motion for Judgment on the Pleadings and Defendants' Second Motion to

5   Dismiss.  On September 29, 2022, QuickLogic moved for judgment on the pleadings on the basis

6   that the Court's order dismissing Defendants' mirror-image counterclaims with prejudice rendered

7   QuickLogic's declaratory judgment claims moot.  ECF No. 66.  In that motion, QuickLogic also

8   requested that the Court find QuickLogic the prevailing party.  *Id.*  While the motion was pending,

9   Defendants filed a notice of change of counsel, seeking to withdraw Mr. Milks as counsel and

10   substitute in Ms. Brahmbhatt, Mr. Dahlgren, and Mr. Tollefson as new counsel for Defendants.

11   ECF No. 70.  QuickLogic opposed the request to substitute counsel, arguing that Mr. Milks should

12   not be permitted to withdraw for failure to comply with the Local Rules and to the extent that

13   withdrawing would "avoid[] liability for his and his clients' sanctionable conduct."  ECF No. 73.

14         On December 14, 2022, Defendants opposed QuickLogic's motion for judgment on the

15   pleadings, and filed a motion to dismiss QuickLogic's declaratory judgment claims, arguing that

16   QuickLogic's claims failed the pleading requirements and that the Court lacked subject matter

17   jurisdiction over QuickLogic's non-breach of contract claim.  ECF No. 76.

18         On August 11, 2023, the Court issued an order (1) granting in part and denying in part

19   QuickLogic's motion for judgment on the pleadings and Defendants' motion to dismiss, and (2)

20   instructing the parties to show cause as to why it should not dismiss Defendants' state-law

21   counterclaims for lack of subject-matter jurisdiction.  ECF No. 83.  As to QuickLogic's motion,

22   the Court concluded that it lacked subject-matter jurisdiction over QuickLogic's non-breach of

23   contract claim and that QuickLogic's patent non-infringement claims were moot.  *Id.*  As to

24   Defendants' motion to dismiss, the Court granted Defendants' request to dismiss QuickLogic's

25   non-breach of contract claim for lack of subject matter jurisdiction.  *Id.*  The Court also

26   determined that, "by securing the dismissal with prejudice of Defendants' patent infringement

27   counterclaims," QuickLogic is the prevailing party and entitled to costs.  *Id.* at 8.

28   Case No.: 21-cv-04657-EJD
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES

1

### C.      Activity Following the Court's August 11 Order

2

There has been a flurry of activity—primarily regarding Konda Tech.'s representation—

3

following the Court's August 11 order.  QuickLogic contends that it began efforts to meet and

4

confer regarding its anticipated motion for attorneys' fees three days after the Court found it was

5

the prevailing party.  *See* Mot. 3.  QuickLogic states that it did not hear from Defendants' counsel

6

until August 24, 2023, the day before QuickLogic's motion for attorneys' fees was due, and

7

Defendants' counsel told QuickLogic he needed to "confer with [his] client."  QuickLogic's

8

Supplemental Brief in Support of Motion for Attorneys' Fees ("Suppl. Br."), ECF No. 143 at 3

9

(citing ECF No. 91-2 at 2).  At that point, Defendants had already "ended their engagement" with

10

Mr. Dahlgren and Ms. Brahmbhatt six days prior, on August 18, 2023.  ECF No. 87 at 1.  On

11

August 25, 2023, the day QuickLogic filed the present motion for attorneys' fees, Defendants filed

12

a motion to stay deadlines while Defendants obtained new counsel.  ECF No. 86.  QuickLogic

13

contends that it was "forced to unilaterally file an Administrative Motion to for [sic] Clarification

14

of the Court's August 11, 2023 Order and/or Enlargement of Time (Dkt. 84) and then prepare its

15

Motion for Attorneys' Fees (Dkt. 91) for filing to avoid waiver."  Suppl. Br. 3.

16

On September 12, 2023, the Court set a status conference and stayed all deadlines.

17

ECF No. 105.  The Court also ordered a client representative for Defendants to appear at the status

18

conference.  *Id.*  During the October 5, 2023, status conference Dr. Konda stated that he was in the

19

process of securing new counsel to represent him and Konda Technologies pursuant to guidance

20

from a "transactional firm" Dr. Konda had engaged.  October 5, 2023, Hearing Tr. at 5:6–15.

21

Dr. Konda requested 90 days to secure counsel.  *Id.* at 5:13–17.  Dr. Konda appeared at two

22

additional status conferences without counsel.  At the second status conference on November 9,

23

2023, Dr. Konda stated that he had not yet secured counsel and that he believed QuickLogic

24

"made it extremely difficult for [him] to find new counsel," given the pending attorneys' fees

25

motion.  November 9, 2023, Hearing Tr. at 3:1–4:1.  The Court told Dr. Konda it expected him to

26

appear at the next status conference with counsel.  *Id.* at 18:17–19:3.  At the third status

27

conference on December 6, 2023, Defendants were still without counsel, and Dr. Konda stated that

28

United States District Court
Northern District of California

1    he intended to represent himself, and he was working with the transactional firm to secure counsel

2    for Konda Technologies.  December 6, 2023, Hearing Tr. 8:14–10:3.  The Court granted

3    QuickLogic leave to file a motion for default judgment, and QuickLogic filed that motion on

4    December 11, 2023.  ECF No. 127.

5         The Court set a hearing on QuickLogic's motion for default for January 25, 2024.  The day

6    before the hearing, Mr. Milks reappeared as counsel for Konda Technologies.  ECF No. 134.  Dr.

7    Konda continued to appear in the action *pro se*.  January 25, 2024, Hearing Tr. at 23:8–24.

8    Mr. Milks explained that he had been contacted by the transactional firm just two days prior

9    regarding a settlement proposal.  *Id.* at 4:23–6:3.  The Court granted Mr. Dahlgren's motion to

10   withdraw as counsel and ordered the parties to meet and confer regarding updating QuickLogic's

11   pending motion for attorneys' fees.

12        The Court is in receipt of QuickLogic's supplemental brief in support of its motion for

13   attorneys' fees, along with oppositions from Mr. Milks, and Defendants, and QuickLogic's replies.

14   William Milks's Opposition to Mot. for Attorneys' Fees ("Milks Opp."), ECF No. 146; Venkat

15   Konda's Opposition to Mot. for Attorneys' Fees ("Konda Opp."), ECF No. 147; Konda Tech.'s

16   Opposition to Mot. for Attorneys' Fees ("Konda Tech. Opp."), ECF No. 148; QuickLogic's Reply

17   in Support of Mot. for Attorneys' Fees (1) as to Mr. Milk ("Milk Reply"), ECF No. 167; and (2) as

18   to Defendants ("Konda Reply"), ECF No. 169.

19   **II.     LEGAL STANDARD**

20        **A.     35 U.S.C. § 285**

21        "The court in exceptional cases may award reasonable attorney fees to the prevailing

22   party."  35 U.S.C. § 285.  An exceptional case is "one that stands out from others with respect to

23   the substantive strength of a party's litigating position (considering both the governing law and the

24   facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness,*

25   *LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Courts consider "the totality of

26   the circumstances" when deciding whether a case is "exceptional."  *Id.*  In making the

27   determination, courts may consider factors such as "frivolousness, motivation, objective

28   Case No.: 21-cv-04657-EJD
     ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

United States District Court
Northern District of California

1    unreasonableness (both in the factual and legal components of the case) and the need in particular

2    circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6

3    (quotation marks and citation omitted).  Under this test, "a case presenting either subjective bad

4    faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to

5    warrant a fee award." *Id.* at 555.

6         Courts do not award attorneys' fees as "a penalty for failure to win a patent infringement

7    suit." *Id.* at 548 (quotation marks and citation omitted).  "The legislative purpose behind § 285 is

8    to prevent a party from suffering a 'gross injustice,'" not to punish a party for losing.  *Checkpoint*

9    *Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017); *see also Vasudevan Software,*

10   *Inc. v. Microstrategy, Inc.*, No. 11-cv-06637-RS, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19,

11   2015) ("[O]ther courts in this district have suggested that merely taking an aggressive stance while

12   positing stretched or unsuccessful infringement theories does not, without more, warrant fee-

13   shifting."); *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-2590-CW, 2014 WL

14   6068384, at *8 (N.D. Cal. Nov. 13, 2014) (finding "frivolous arguments" and other missteps, only

15   some of which were inadvertent, too minor to justify a fee award); *Kreative Power, LLC v.*

16   *Monoprice, Inc.*, No. 14-cv-02991-SI, 2015 WL 1967289, at *5 (N.D. Cal. Apr. 30, 2015).  An

17   exceptional case determination must find support in a "preponderance of evidence." *Octane*

18   *Fitness*, 572 U.S. at 557–58.

19        **B.    28 U.S.C. § 1927**

20        "An award of fees under Section 1927 'must be supported by a finding of subjective bad

21   faith.'" *Nelson v. SeaWorld Parks and Entertainment, Inc.*, No. 15-CV-02172-JSW, 2021 WL

22   8134398, at *2 (N.D. Cal. July 9, 2021), *aff'd sub nom. Morizur v. SeaWorld Parks & Ent., Inc.*,

23   No. 21-16495, 2022 WL 15761398 (9th Cir. Oct. 28, 2022).  A court may find bad faith "when an

24   attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the

25   purpose of harassing an opponent." *Id.*  "Similarly, 'when a party has acted in bad faith,

26   vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken

27   actions in the litigation for an improper purpose[,]' a court has the inherent power to impose

28   Case No.: 21-cv-04657-EJD
     ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES

1   attorneys' fees as a sanction." *Id.*

2   **III.   DISCUSSION**

3        QuickLogic contends that this case is exceptional because Defendants' defenses and

4   counterclaims were frivolous, and because Defendants litigated the case in bad faith.  Mot. 11–12.

5   QuickLogic also argues that Mr. Milks's conduct is sanctionable under § 1927[2] because he

6   engaged in what QuickLogic describes as subjective bad faith, knowingly or recklessness raising

7   frivolous arguments for the sole purpose of harassing QuickLogic.  *Id.* at 14.

8        Defendants respond that QuickLogic is prohibited from seeking attorneys' fees related to

9   the state-law causes of action based on the 2010 CLA, that any liability is limited to $260,000

10   under the 2010 CLA, and QuickLogic cannot recover fees related to non-patent aspects of its case

11   under § 285.  Konda Opp. 5.  Defendants also contend that QuickLogic is not entitled to an award

12   of attorneys' fees because "[h]ad QuickLogic abided by the informal dispute resolution

13   requirement in the 2010 Patent License this litigation most likely would not have occurred."

14   *Id.* at 6.

15        **A.        Whether the Case Is Exceptional Under 35 U.S.C. § 285**

16        QuickLogic argues that Defendants' defenses and counterclaims were "completely

17   frivolous" as demonstrated by Defendants' failure to plead facts sufficient to state their claims

18   even after QuickLogic moved to dismiss, put Defendants on notice of the relevant legal standards,

19   and identified precisely what was wrong with each of Defendants' claims.  Mot. 12.  Additionally,

20   QuickLogic argues that Defendants litigated the case in bad faith because Defendants presented

21   multiple contradictory statements, filed a "baseless" disqualification motion, and needlessly

22   prolonged the case by failing to timely obtain counsel.  Mot. 12–13; Reply 8.

23        As an initial matter, Defendants contend that QuickLogic's requested attorneys' fees

24   incurred for work on non-patent parts of the case—the state law claims and counterclaims—are

25   not authorized under § 285.  *See* Konda Opp. 18.  QuickLogic responds that all of its requested

26   _____

27   [2] Counsel for QuickLogic confirmed at the hearing on QuickLogic's motion for attorneys' fees
     that it was no longer seeking fees against Mr. Milks under § 285.

28   Case No.: 21-cv-04657-EJD
     ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

fees are subject to § 285 given the overlap of the patent and non-patent issues, and the Court has inherent authority to award fees not covered by § 285.  *See* Konda Reply 12–13.  The Court finds that QuickLogic's requested fees are all subject to § 285 because the "nonpatent issues [are] so intertwined with the patent issues that the evidence would, in large part, be material to both types of issues." *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1564 (Fed. Cir. 1983).  *Stickle* vacated an award of attorneys' fees under § 285 because in part because "it covered nonpatent issues." *Id.* at 1565.  The Ninth Circuit held that defendant's counterclaim for breach of warranty was "wholly separate and separable claim from the patent issues" and thus, an award of attorney's fees for that claim was not authorized under § 285. *Id.* at 1564.  Here, Defendants alleged that QuickLogic breached the 2010 CLA by using one or more of the asserted patents outside the scope of the 2010 CLA.  Determining whether QuickLogic infringed the patents would necessarily be connected to whether QuickLogic breached the 2010 CLA.  Moreover, Defendants acknowledge that "[t]he entire case derives from a breach of the 2010 Patent License between Konda Tech and QuickLogic." ECF No. 147 at 7.

Thus, the Court proceeds to evaluate whether this case is exceptional.

### 1.    Strength of Defendants' Defenses and Counterclaims

The goal of 35 U.S.C. § 285 is "not to punish a party for losing." *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020).  "In *Octane Fitness*, the Supreme Court made clear that it is the 'substantive strength of the party's litigating position' that is relevant to an exceptional case determination, not the correctness or eventual success of that position." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (quoting *Octane Fitness*, 572 U.S. at 554).  "In determining whether a case is substantively weak, courts look for objective baselessness or frivolousness[.]" *PersonalWeb Techs. LLC v. EMC Corp.*, No. 5:13-CV-01358-EJD, 2020 WL 3639676, at *4 (N.D. Cal. July 6, 2020).  "As to the substantive strength (or weakness) of a party's litigation position, courts in this district tend to award fees when a plaintiff persists with a clearly untenable claim, or adduces no evidence in support of its position." *Location Based Servs., LLC v. Niantic, Inc.*, No. 17-CV-04413 NC, 2018 WL 7569160,

United States District Court
Northern District of California

1   at *1 (N.D. Cal. Feb. 16, 2018).

2      There is no question that QuickLogic is the prevailing party.  Rather, the question is

3   whether Defendants' defenses and counterclaims were objectively baseless or clearly untenable.

4   The Court finds that the substantive strength of Defendants' counterclaims was objectively weak

5   and, as explained below, brought admittedly without adequate investigation.  The procedural

6   history of this case, outlined above, is unique.  To briefly recap, on August 24, 2021, Defendants

7   moved to dismiss QuickLogic's complaint on the grounds that no "case or actual controversy"

8   existed between the parties.  ECF No. 19 at 10, 14.  In support of that motion, Defendants

9   represented the following: (1) Dr. Konda "did not identify any particular patent infringed by

10  QuickLogic or any specific infringing product(s)"; (2) "Dr. Konda did not conduct an

11  infringement analysis"; and (3) Dr. Konda informed counsel for QuickLogic that "he wanted to

12  meet with an officer of QuickLogic in accordance with the Informal Dispute Resolution

13  procedure" set forth in the 2010 CLA.  *Id.* at 15.  When the Court denied the motion, Defendants

14  filed an answer stating that they did "not have sufficient information to admit or deny"

15  QuickLogic's declaratory judgment claims for non-breach of contract and non-infringement of the

16  patents.  ECF No. 35 at ¶¶ 24–80.  Defendants also filed breach of contract counterclaims and

17  patent infringement counterclaims that mirrored many of QuickLogic's declaratory judgment

18  claims.  *Id.* ¶¶ 107–127, 177–416.  QuickLogic moved to dismiss the counterclaims, and the Court

19  granted QuickLogic's motion, dismissing virtually all of Defendants' counterclaims with prejudice

20  but granting Defendants leave to amend only its breach of contract counterclaim as to the IDR

21  clause.  ECF No. 62.  Defendants chose not to amend that claim.  The Court later granted in part

22  Defendants' second motion to dismiss for lack of subject-matter jurisdiction over QuickLogic's

23  non-breach of contract claim.  ECF No. 83.  In the same order, the Court found QuickLogic the

24  prevailing party.  *Id.*

25      Regarding Defendants' defenses, although Defendants' original motion to dismiss (ECF

26  No. 19) was denied, the Court cannot find that the basis for that motion was objectively baseless

27  or frivolous.  Defendants maintained that there was no case in controversy because they

28  Case No.: 21-cv-04657-EJD
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

understood, based on a non-frivolous interpretation of the 2010 CLA, that QuickLogic's filing of the complaint violated the IDR provision in the 2010 CLA.  That position ended up losing, but whether a position was objectively baseless or frivolous does not turn on "the correctness or eventual success of that position."  *SFA Sys.*, 793 F.3d at 1348.  Additionally, Defendants did prevail, in part, on their second motion to dismiss based on lack of subject matter jurisdiction. ECF No. 76.  The Court agreed with Defendants that it was without subject-matter jurisdiction to hear QuickLogic's non-breach of contract claim.  *See* ECF No. 83 at 9.

Nor does the Court find that Defendants' breach of contract and related state-law claims were objectively baseless or frivolous.  Regarding those claims, the Court dismissed all three for failing to state a claim and permitted Defendants leave to amend their breach of contract claim. ECF No. 62 at 15–16.  As noted above, Defendants chose not to amend its breach of contract claim.  The extent of Defendants pursuing their counterclaims ended on September 1, 2022, when it chose to not amend its counterclaims.  *See* ECF No. 62 at 17.  Raising the state-law counterclaims that were ultimately dismissed for failure to state a claim is not enough to make this case "stand out" from others.  Thus, the strength of Defendants' defenses and state-law claims were not so objectively unreasonable to weigh in favor of finding exceptionality.

The same cannot be said for Defendants' patent infringement counterclaims.  Defendants brought counterclaims asserting infringement of fourteen patents without conducting an adequate pre-filing investigation.  Shortly before filing the counterclaims, counsel for Defendants stated to QuickLogic's counsel that "Dr. Konda cannot determine if QuickLogic is infringing any of the patents in the Konda interconnect patent portfolio at this time."  ECF No. 25-3, Ex. R at 2. Defendants' counsel proposed a three-month extension for Defendants to answer the complaint to allow the parties to participate in settlement negotiations, or to allow Dr. Konda to conduct discovery for "the opportunity to determine if any of the unlicensed patents in the Konda interconnect patent portfolio are being infringed."  *Id.*  Counsel for QuickLogic rejected the proposal, and Defendants filed the patent infringement counterclaims notwithstanding the inability to determine if QuickLogic was infringing.  Doing so, "without comparing the elements of the

United States District Court
Northern District of California

United States District Court
Northern District of California

claim to [any QuickLogic] accused product in more than a wholly conclusory fashion" was improper. *IPVX Pat. Holdings, Inc. v. Voxernet LLC*, No. 5:13-CV-01708 HRL, 2014 WL 5795545, at *5 (N.D. Cal. Nov. 6, 2014); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("Before filing counterclaims of patent infringement … at a bare minimum," patentees must "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted").

When asked about the extent of Defendants' investigation into the counterclaims prior to asserting them, counsel stated at the hearing that he had familiarity with the patents because he assisted with the prosecution of some of them and because some of the patents were involved in a case by Dr. Konda against a third party. *See* June 13, 2024, Hearing Tr. at 29:7–15. Familiarity with some of the asserted patents through prosecution or enforcement against a third party is not the same as applying the claims of each asserted patent, informally or formally, to one of *QuickLogic's* accused devices. Thus, the Court finds that Defendants' investigation prior to filing the counterclaims fell short of what is required before asserting patent infringement. Defendants' decision to assert the patent infringement counterclaims, without conducting any infringement analysis and admittedly without being able to confirm whether QuickLogic infringed, supports a finding that the case is exceptional.

## 2.    Defendants' Litigation Conduct

As for litigation misconduct, QuickLogic contends that Defendants litigated this case in an unreasonable manner, including for their submission of false and contradictory statements.

Courts in this district have found litigation behavior exceptionally unreasonable when a party fails to conduct an adequate pre-filing investigation that supports its claim. *IPVX Pat. Holdings, Inc.*, 2014 WL 5795545, at *6. For the reasons stated above, Defendants' pre-filing investigation, or lack thereof, into the patent infringement counterclaims supports exceptionality.

Beyond Defendants' decision to resist QuickLogic's complaint and file the counterclaims, which the Court considered above, QuickLogic points to the following actions to demonstrate

Case No.: 21-cv-04657-EJD
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES

1   Defendants' unreasonable conduct in this litigation: (1) Defendants filed a "strategic"

2   disqualification motion; (2) Defendants "continued to hound QuickLogic for information, and

3   continued to ask the Court to open discovery to which the Konda Defendants have never been

4   entitled"; and (3) Defendants' efforts to overturn this Court's prior decisions based on his already-

5   rejected disqualification arguments.  *See Konda* Reply 6.

6        Motion to Disqualify.  Regarding the disqualification motion, the Court denied

7   Defendants' motion based on "the strategic timing of the motion (filed just days after Defendants'

8   motion to dismiss was denied)."  ECF No. 62 at 10.  In light of the delay, Defendants' motion

9   appeared "to be motivated by a desire to derail the ongoing litigation."  *Id.*  In connection with that

10  motion, Dr. Konda submitted a declaration stating that, although he had been aware of the

11  potential conflict since Baker Botts first contacted Dr. Konda "with the dispute that led to the

12  pending lawsuit," he nevertheless chose to forgo seeking disqualification pending the outcome of

13  Defendants' motion to dismiss.  ECF No. 53-1, ¶ 32.  However, in opposing QuickLogic's motion

14  for attorneys' fees, Dr. Konda characterized his motivation for waiting to file the disqualification

15  differently.  He submitted a declaration stating that he learned he could file the disqualification

16  motion only after talking to his counsel, Mr. Milks, in February 2022—after the Court denied

17  Defendants' motion to dismiss.  ECF No. 147-1, ¶ 36.  The Court reiterates that Defendants'

18  decision to file the disqualification motion following the Court's denial of Defendants' motion to

19  dismiss appeared "to be motivated by a desire to derail the ongoing litigation."  ECF No. 62 at 10.

20  Coupled with Dr. Konda's inconsistent statements regarding the timing and motivation for

21  bringing the motion, the Court finds that Defendants' filing of the disqualification motion favors a

22  finding of exceptionality.

23        Defendants' Opposition to QuickLogic's Motion for Judgment on the Pleadings and Cross-

24  Motion to Dismiss QuickLogic's Claims.  QuickLogic argues that Defendants' request to open

25  discovery in their opposition to QuickLogic's motion for judgment on the pleadings and cross-

26  motion to dismiss was unreasonable because the Court had already dismissed the counterclaims

27  without leave to amend and already rejected Defendants' request to open discovery.  *See Konda*

United States District Court
Northern District of California

Reply 8.  As noted above, the Court granted in part Defendants' motion to dismiss on the basis that the Court lacked subject matter jurisdiction over the state-law claims.  Bringing the motion itself was not objectively baseless or frivolous.  Asking to open discovery when the Court rejected Defendants' prior request was not well-founded, but it was not so unreasonable to weigh in favor of exceptionality.

Delay in Retaining New Counsel, Status Conferences, and the Default Motion.  Finally, QuickLogic argues that it was unreasonable of Defendants to require QuickLogic's counsel to attend three status conferences and to file a default judgment motion until their original attorney appeared the day before the hearing, mooting the motion.  *See* Konda Reply 8.  The Court recognizes that Konda Technologies was without counsel for nearly five months, and during that time, Dr. Konda appeared at three status conferences stating that he was working to obtain counsel for Konda Technologies.  Pending Konda Technologies' search for counsel, all deadlines were stayed.  *See* ECF No. 105.  The Court permitted Konda Technologies multiple opportunities to secure counsel, and the repeated failure to do so until the day prior to the default motion hearing unnecessarily prolonged the proceedings and forced QuickLogic to incur unnecessary fees.  This supports a finding of exceptionality.  That said, QuickLogic is not entitled to recover its fees for appearing at first status hearing on October 5, 2023.  At that time, Konda Technologies had not unreasonably prolonged the case.

\* \* \*

The Court finds that QuickLogic has shown by preponderance of the evidence that "under the totality of the circumstances" analysis prescribed by *Octane Fitness*, this case is exceptional such that an award of some of QuickLogic's attorneys fees is justified.  572 U.S. at 554.  Defendants' admitted lack of any investigation into QuickLogic's products prior to filing the patent infringement counterclaims, combined with Defendants' strategic decision to file a motion to disqualify only after receiving a negative ruling from the Court—and submitting inconsistent statements regarding Defendants' motivations for filing the motion—and Konda Technologies' search for counsel for over five months that needlessly delayed the case and caused QuickLogic to

1    incur unnecessary fees, all support finding the case exceptional.

2                        **3.    Defendants' Other Arguments**

3         Defendants raise several arguments that they contend prohibit the Court from finding this

4    case exceptional or awarding any fees.  None changes the Court's decision above.

5         First, Defendants argue that QuickLogic cannot recover attorneys' fees because there "is

6    no underlying monetary damages issue raised by QuickLogic's complaint."  Konda Opp. 12.

7    QuickLogic was not required to raise its claims for attorneys' fees in its complaint because, under

8    Federal Rule of Civil Procedure 54(d)(2), QuickLogic properly raised its request for fees by

9    motion.  "The text of Rule 54(d)(2) lays out a general rule that a claim for attorney fees must be

10   made by motion, with the exception that when the substantive law requires those fees to be proved

11   at trial as an element of damages."  *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1005

12   (9th Cir. 2009).  QuickLogic seeks fees under § 285, § 1927, and the Court's inherent authority—

13   QuickLogic did not need to prove any of these at trial as an element of damages.  Thus,

14   QuickLogic properly raised its request for attorneys' fees by motion.  Additionally, the Court finds

15   that Defendants have not suffered any prejudice by QuickLogic's motion because QuickLogic

16   notified Defendants that it intended to seek fees in its complaint (*see* Compl. at 45 (requesting that

17   "the Court declare that this case is exceptional under 35 U.S.C. § 285 and award QuickLogic its

18   attorneys' fees, costs, and expenses incurred in this action")), and Defendants were on notice of

19   QuickLogic's intent to seek fees since October 20, 2022.  *See* ECF No. 73.

20        Second, Defendants argue that QuickLogic is judicially estopped from seeking its full fee

21   award against Dr. Konda because "it relied on the 2010 Patent License that precludes attorneys'

22   fees and limits liability to $260,000 while successfully moving to dismiss Defendants'

23   counterclaims."  Konda Opp. 16.  QuickLogic argued in its motion to dismiss that "[b]ecause

24   Defendants' *allegations for breach of contract* in excess of $260,000 [were] contrary to the

25   express 2010 CLA term, Defendants' claims for actual damages fail and should be dismissed."

26   ECF No. 43 at 9 (emphasis added).  QuickLogic now seeks attorneys' fees based on § 285,

27   § 1927, and the Court's inherent authority based on Defendants' litigation conduct—not for

28

United States District Court
Northern District of California

allegations relating to breach of the 2010 CLA.  Thus, the Court does not find that QuickLogic's positions were inconsistent, and estoppel does not apply.

Finally, Defendants contend that "this case should not have been filed in the first place" because QuickLogic was required to submit to the informal dispute resolution procedures outlined in the 2010 CLA.  June 13, 2024, Hearing Tr. 69:9–11.  The relevant IDR provision states:

> In the event of any dispute or disagreement between the parties hereto either with respect to the interpretation of this Agreement or the performance of any obligations set forth herein, whether in contract, statute, tort such as negligence or otherwise (each a "Dispute"), an officer of Konda and an officer of QuickLogic shall meet to negotiate and resolve such matters in good faith without resort to formal legal proceedings. If the officers are unable to resolve the dispute within 10 business days after referral of the matter to them, then either party shall have the right to institute legal proceedings to seek any remedy available under law or equity.

2010 CLA, Section 8.7.

Had QuickLogic engaged in the IDR procedure described above, Defendants suggest that QuickLogic would have avoided the fees it now seeks to recover.  Defendants also raise multiple issues with the communications exchanged before the lawsuit, including that Defendants' own cease-and-desist letter was "not properly served" and was therefore "invalid."  *See* Konda Opp. 10.

The Court is not persuaded by Defendants' argument that this case should have never been brought and rejects Defendants' argument that QuickLogic's purported failure to comply with the IDR provision "compel[s] this Court's denial of attorneys' fees to QuickLogic as a matter of fact and equity."  Konda Opp. 18.  As an initial matter, Judge White denied Defendants' motion seeking to dismiss the complaint, finding that a "substantial controversy exist[ed]" between the parties following Defendants' sending of the cease-and-desist letter.  ECF No. 34 at 1.  As Judge White noted, the IDR provision "does not provide for continuing meet and confer requirements once a cease-and-desist letter has been sent."  *Id.*  Accordingly, even if QuickLogic failed to follow the meet and confer requirements, "the controversy between the parties was substantial enough to provide jurisdiction for a declaratory relief action."  *Id.*  The cease-and-desist letter

Case No.: 21-cv-04657-EJD
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES

17

1   explicitly stated that, without action, Defendants "will have no other choice but to pursue all legal

2   causes of action," and the letter would serve "as a pre-suit notice for a lawsuit to protect

3   [Defendants] interests."  *Id.* at 2.  Thus, QuickLogic was within its rights to bring a declaratory

4   relief action at the time it did.

5       Moreover, in granting QuickLogic's motion to dismiss Defendants' counterclaims, the

6   Court explicitly gave Defendants an opportunity to "amend their breach of contract counterclaim,

7   as it relates to their claim that Plaintiff breached the informal dispute resolution clause."  ECF No.

8   62 at 17.  Defendants chose not to.  It is unclear to the Court why Defendants chose to forgo that

9   counterclaim in light of Defendants' position now.  Nevertheless, Defendants cannot now seek to

10  relitigate the merits of a counterclaim it chose not to amend years ago.

11      **B.    Amount of Attorneys' Fees**

12      QuickLogic originally requested $471,382.18 in attorneys' fees for work conducted

13  through July 31, 2023.  Mot. 2.  That amount has since been adjusted to account for additional fees

14  incurred from August 1, 2023, through January 31, 2024 (*see* Suppl. Br. 4–5) and additional fees

15  incurred from February 1, 2024, through May 31, 2024 (*see* ECF No. 193-3).  The total fee

16  amount was further adjusted to account for settlements with Ms. Brahmbhatt and Mr. Dahlgren.

17  ECF No. 193-3 at 2.

18      If a case is determined to be exceptional by a preponderance of the evidence, "[t]he

19  decision whether or not to award fees is still committed to the discretion of the trial judge, and

20  'even an exceptional case does not require in all circumstances the award of attorney fees.'"  *IPVX*

21  *Pat. Holdings, Inc.*, 2014 WL 5795545, at *7 (quoting *Modine Mfg. Co. v. Allen Group, Inc.*, 917

22  F.2d 538, 543 (Fed.Cir.1990)).  In determining whether to award attorney's fees, the court may

23  consider "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other

24  factors that may contribute to a fair allocation of the burdens of litigation as between winner and

25  loser."  *Id.* (citing *S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir.

26  1986)).

27      The Court finds that this case warrants an award of some of QuickLogic's attorneys' fees.

28

1    As explained above, Defendants filed patent infringement claims without conducting the requisite

2    pre-filing investigation, filed a motion to disqualify based on inconsistent representations, and

3    needlessly prolonged the case during Konda Technologies' search for counsel.  The Court will

4    determine the reasonableness of the requested fees separately.

5             **C.       Whether Sanctions Are Warranted Under 28 U.S.C. § 1927**

6             QuickLogic also requests that the Court sanction Defendants and its counsel under 28

7    U.S.C. § 1927 for litigating the case in bad faith.  Mot. 15; Reply 9.  "An award of fees under

8    Section 1927 must be supported by a finding of subjective bad faith."  *Nelson*, 2021 WL 8134398,

9    at *2 (quotations omitted).  A court may find bad faith "when an attorney knowingly or recklessly

10   raises a frivolous argument or argues a meritorious claim for the purpose of harassing an

11   opponent."  *Id.*  "Similarly, when a party has acted in bad faith, vexatiously, wantonly, or for

12   oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an

13   improper purpose, a court has the inherent power to impose attorneys' fees as a sanction."  *Id.*

14   (cleaned up).

15            The Court declines to impose sanctions against Defendants or Mr. Milks under § 1927.

16   Although close, neither Defendants' nor Mr. Milks's conduct has risen to the level of misconduct

17   required under § 1927.  Although ultimately unsuccessful and at times questionable, Defendants'

18   positions were not knowingly reckless or necessarily brought to harass.  Defendants should not

19   have filed the patent infringement counterclaims without further investigation.  And Defendants'

20   timing of their disqualification motion indicates poor judgment.  The Court also recognizes

21   QuickLogic's frustration with Defendants' prolonged search for counsel and last-minute

22   appearance mooting its motion for default.  However, the Court does not find that Defendants or

23   Mr. Milks acted with "subjective bad faith."  *Blixseth v. Yellowstone Mountain Club, LLC*, 796

24   F.3d 1004, 1007 (9th Cir. 2015) ("Sanctions pursuant to section 1927 must be supported by a

25   finding of subjective bad faith.").  Mr. Milks played a limited role in this litigation.  He facilitated

26   the filing of the patent infringement counterclaims and the motion to disqualify.  He then

27   withdrew as counsel for Defendants on October 14, 2022 (ECF No. 70) and reappeared on behalf

28   Case No.: 21-cv-04657-EJD

United States District Court
Northern District of California

of Konda Technologies on March 25, 2024 (ECF No. 150).

Cases imposing sanctions against counsel involved more egregious circumstances with more substantive attorney involvement not present here.  For instance, the Ninth Circuit in *Caputo v. Tungsten Heavy Powder, Inc.* affirmed sanctions under § 1927 against counsel who "recycle[d]" a brief by substituting the date of an affidavit, failed to assess the legal and factual basis of a Rule 60 argument, failed to correct misstatements of law and fact, and lied in a declaration to the Special Master.  96 F.4th 1111, 1120 (9th Cir. 2024).  The Ninth Circuit agreed with the Special Master's recommendation not to impose sanctions on a separate attorney whom the court determined "did not act with the requisite bad faith" despite facts that the attorney "personally submitted frivolous arguments to the Ninth Circuit and Special Master." *Id.*  Even though the non-sanctioned attorney "had the opportunity to verify the factual basis of" of her client's briefs and "failed to do so," and "inaccurately represent[ed]" information in filings, the Ninth Circuit concluded her conduct did not rise to the level of bad faith necessary to impose sanctions under § 1927.  *Id.* at 1119–1120.

So too here.  While the Court believes Mr. Milks "ought to have exercised considerably greater care both in investigating [Defendants' counterclaims] and in making representations [to the Court]," his conduct does not rise to the level of "bad faith" necessary to impose sanctions under § 1927.  *Id.* at 1120.  However disappointing the conduct while Mr. Milks was involved in the case, the Court does not find that Mr. Milks knowingly or recklessly raised a frivolous argument or argued a meritorious claim for the purpose of harassing QuickLogic.

As for Defendants, the Court declines to impose sanctions in addition to attorneys' fees award discussed above under § 285.  Accordingly, the Court declines to find sanctions warranted under either § 1927 or the Court's inherent power.  *Blixseth*, 796 F.3d at 1007.

## IV.    CONCLUSION

For the foregoing reasons:

- QuickLogic's motion for attorneys' fees is GRANTED IN PART.  The Court finds that the case and Defendants' conduct is exceptional under § 285.

Case No.: 21-cv-04657-EJD
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES

- The Courts DENIES QuickLogic's request to impose sanctions on Defendants or Mr. Milks under § 1927 or the Court's inherent power.

- The Court DENIES QuickLogic's request to hold Defendants' counsel jointly and severally liable.

- The Court GRANTS QuickLogic's request that the Court retain jurisdiction over supplemental fee requests and the enforcement of its fee orders.

- The Court will determine the reasonableness of the requested fees separately.  No later than 21 days from this Order, QuickLogic is ORDERED to submit a supplemental brief identifying, in chart form, the fees sought by QuickLogic related to the events listed below ("Supplemental Chart"):

  o  QuickLogic's motion to dismiss Defendants' counterclaims.  ECF No. 43.

  o  QuickLogic's opposition to Defendants' motion to disqualify.  ECF No. 50.

- QuickLogic may submit the Supplemental Chart in the same format as the chart submitted in its supplemental brief.  *See* ECF No. 143 at 6–8.  When preparing the Supplemental Chart, QuickLogic does not need to include entries for time spent and attorneys' fees incurred on tasks after August 1, 2023, which are already reflected in the chart submitted with QuickLogic's supplemental brief at ECF No. 143.


**IT IS SO ORDERED.**


Dated: July 12, 2024


_____
EDWARD J. DAVILA
United States District Judge

Case No.: 21-cv-04657-EJD
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES