UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUICKLOGIC CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>KONDA TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No.  21-cv-04657-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: ECF No. 155 |

Before the Court is pro se Defendant and Counter-Plaintiff Venkat Konda's ("Dr. Konda") motion for relief from judgment entered on August 11, 2023[1] (ECF No. 83 "Judgment") pursuant to Fed. R. Civ. P. 60. ECF No. 155 ("Mot." or "Motion"). Dr. Konda argues relief from Judgment under Rule 60 is appropriate because Plaintiff and Counter-Defendant, QuickLogic Corporation, and QuickLogic's counsel "obtained the Court's judgment based on misrepresentations to the Court." Mot. 4.

For the reasons stated below, the Court DENIES the Motion.

---

[1] Dr. Konda's Motion states that he seeks relief from the August 11, 2023 Judgment. *See* Mot. 28 (requesting that the Court "grant Dr. Konda's Motion for relief from the August 11, 2023 Judgment"). But on reply, Dr. Konda appears to seek relief from the January 3, 2022 ruling and the August 2, 2022 ruling in addition to the August 11, 2023 Judgment. *See* Reply 14. Because Dr. Konda's request for relief from all three rulings is based on the same purported misrepresentations and because the Court denies Dr. Konda's motion for reasons unrelated to the scope of Dr. Konda's request, the Court need not reconcile this apparent discrepancy. The Court nevertheless addresses briefly the grounds for relief from the January 3, 2022 and August 2, 2022 rulings below in Section III.A.

Case No.: 21-cv-04657-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
1

## I. BACKGROUND

The Court has set forth a detailed overview of the facts of this case in several orders and will only repeat here those facts necessary to resolve the present motion. *See, e.g.*, Order Granting in Part QuickLogic's Motion for Attorneys' Fees, ECF No. 201 at 1–7. Additional facts are stated below in Section III.

In Fall 2010, the parties executed a Mutual Non-Disclosure Agreement and a Licensing and Consulting Agreement (the "2010 CLA") governing a project between the parties pertaining to transfer of Dr. Konda's intellectual property to QuickLogic. The project ended, and additional negotiations occurred between the parties regarding a potential for further engagements. The negotiations fell through, and on June 16, 2021, QuickLogic ultimately filed a complaint for declaratory judgment of noninfringement and non-breach of contract against Dr. Konda and Dr. Konda's company, Konda Technologies, Inc. (collectively, "Defendants"). ECF No. 1. Defendants moved to dismiss QuickLogic's claims for lack of jurisdiction. ECF Nos. 19, 20. After Judge White denied the motion (ECF No. 34), Defendants answered the complaint and filed counterclaims. ECF No. 35. QuickLogic responded with its own motion to dismiss. ECF No. 43.

Six days before QuickLogic filed its motion to dismiss, on February 3, 2022, counsel for Defendants at the time informed QuickLogic that Defendants intended to file a motion to disqualify QuickLogic's counsel. ECF No. 50-1 ¶ 17. Defendants filed the disqualification motion on February 8, 2022. ECF No. 39. The Court denied Defendants' motion on August 2, 2022, concluding that "[g]iven the unlikelihood that an actual breach of confidentiality occurred, the strategic timing of the motion (filed just days after Defendants' motion to dismiss was denied), and the delay in filing, Defendants' motion appears to be motivated by a desire to derail the ongoing litigation." ECF No. 62 ("Disqualification Order") at 10. In the same order, the Court dismissed with prejudice Defendants' patent infringement claims and the majority of Defendants' breach of contract claims. *Id.* The sole breach of contract claim the Court granted leave to amend related to the alleged breach of an informal dispute resolution clause within the 2010 CLA. *Id.* at 17. Defendants chose not to amend that claim. Nor did Defendants seek reconsideration of that

Case No.: 21-cv-04657-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
2

order.

On September 29, 2022, QuickLogic moved for judgment on the pleadings on the basis that the Court's order dismissing Defendants' mirror-image counterclaims with prejudice rendered QuickLogic's declaratory judgment claims moot. ECF No. 66. On August 11, 2023, the Court issued an order granting in part and denying in part QuickLogic's motion for judgment on the pleadings and Defendants' motion to dismiss. ECF No. 83. As to QuickLogic's motion, the Court concluded that it lacked subject-matter jurisdiction over QuickLogic's non-breach of contract claim and that QuickLogic's patent non-infringement claims were moot. *Id.* As to Defendants' motion to dismiss, the Court granted Defendants' request to dismiss QuickLogic's non-breach of contract claim for lack of subject matter jurisdiction. *Id.*

Following the August 11, 2023 order, QuickLogic moved for default judgment and separately for attorneys' fees pending Konda Technologies' effort to secure new counsel. At the parties' request, the Court clarified on February 26, 2024 that judgment was deemed entered 150 days following entry of the August 11, 2023 order—or, January 8, 2024. ECF No. 142 (citing Fed. R. Civ. P. 58(c)(2)(B)). Defendants' deadline to appeal the Judgment was February 7, 2024. Fed. R. App. P. 4(a)(1)(A). No notice of appeal was filed.

Dr. Konda thereafter filed the present Motion on April 5, 2024—88 days after Judgment was deemed entered, and 58 days after Defendants' deadline to appeal expired—seeking relief under Rule 60 because the Court "erroneously relied on false statements by Plaintiff's counsel and failed to consider several documents in the record." Mot. 15.

**II.   LEGAL STANDARD**

   **A.   Rule 60(b)**

"Reconsideration for any of the reasons set forth in Rule 60(b) is an extraordinary remedy that works against the interest of finality and should be applied only in exceptional circumstances." *Fed. Trade Comm'n v. John Beck Amazing Profits, LLC*, No. 9-cv-4719-MWF, 2021 WL 4313101, at *1 (C.D. Cal. Aug. 19, 2021) (internal quotation marks omitted). Federal Rule of Civil Procedure 60(b) provides six discrete grounds on which a court may relieve a party

Case No.: 21-cv-04657-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
3

from a final judgment, order, or proceeding.

Rule 60(b)(3) provides that "[o]n motion ... the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Id.* (quoting *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)).

**B.     Rule 60(d)**

Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to … set aside a judgment for fraud on the court." Relief based on fraud on the court is not subject to the one-year time limit. *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017). A court's power to grant relief from judgment for fraud on the court stems from "a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry." *Id.* (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944). Relief from judgment for fraud on the court is "available only to prevent a grave miscarriage of justice," and "not all fraud is fraud on the court." *Id.* (citations omitted). "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." *Id.* at 1167–68 (cleaned up).

**III.     DISCUSSION**

Dr. Konda's central theory of fraud involves purportedly false statements made by QuickLogic's counsel, G. Hopkins Guy, in connection with early discussions between Dr. Konda

Case No.: 21-cv-04657-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
4

1   and QuickLogic.  Specifically, Dr. Konda contends Mr. Guy submitted a declaration in opposition

2   to Dr. Konda's disqualification motion that contained a "blatant falsehood" to "cover up a

3   scheme" to avoid conflicts.  Mot. 15.  The Court's order denying Dr. Konda's motion to disqualify

4   sets forth the background of Dr. Konda's interactions with QuickLogic's counsel.  *See*

5   Disqualification Order 2–3, 9–10.  These misrepresentations form the basis of Dr. Konda's motion

6   for relief under both Rule 60(b) and 60(d).  First, Dr. Konda contends Rule 60(b) relief is

7   appropriate because the Court relied on those false statements in finding for QuickLogic in several

8   orders.  Second, Dr. Konda argues that the same false statements also constitute a "fraud on the

9   court," warranting relief under Rule 60(d).  The Court addresses both grounds below.

### A.   Rule 60(b)

Initially, the parties dispute whether Dr. Konda's Motion is timely.  QuickLogic argues that Dr. Konda did not bring this motion within a "reasonable time" as required by Fed. R. Civ. Proc. 60(c)(1) because Dr. Konda challenges the Court's January 3, 2022 order denying Defendants' motion challenging declaratory-judgment jurisdiction and the Court's August 2, 2022 order denying Defendants' disqualification motion—both issued over one year before he filed his Rule 60 motion.  There is some ambiguity regarding the scope of Dr. Konda's request.  To the extent Dr. Konda seeks relief from the January 3, 2022 and the August 2, 2022 orders, his Motion is untimely because both orders were issued over one year before he filed the Motion.  And Dr. Konda chose not to file a motion for reconsideration of those orders.  But Dr. Konda also seeks relief from the August 11, 2023 Order, from which judgment was deemed entered on January 8, 2024.  Dr. Konda filed the present Motion on April 5, 2024, well within the one-year deadline to bring a motion under Rule 60(b)(3).  *See Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1135 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 486 (2022) ("[a] motion for relief from judgment based on … fraud (Rule 60(b)(3)) shall be made not more than one year after the judgment, order, or proceeding was entered or taken").

As to the August 11, 2023 Order, QuickLogic argues that Dr. Konda's Motion was nevertheless not filed within a "reasonable time" because he filed his motion nearly two months

Case No.: 21-cv-04657-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
5

after his deadline to file a notice of appeal had expired on February 7, 2024. Opp. 9 (citing Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(1)(A)).

The Court agrees. "'What constitutes reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" *Sedell v. Wells Fargo of Cal. Ins. Servs., Inc.*, No. C 10-4043 SBA, 2014 WL 1158987, at *2 (N.D. Cal. Mar. 20, 2014) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). Dr. Konda filed his Rule 60 motion after his time for appeal expired and 46 days after he stated he was aware he could file a Rule 60 motion. *See* ECF No. 140 at 7:4–16. Dr. Konda suggests that any delay should be excused because it took him "time to analyze all the details to file" his Motion after receiving the Court's February 26, 2024 order, which clarified that judgment was deemed entered on January 8, 2024. ECF No. 142. After receiving the February 26, 2024 order and prior to filing the present Motion, Dr. Konda states he spent time "piecing all the emails, text messages, and everything filed in the docket of this DJ action." Reply 3. But Dr. Konda offers no reason why he did not, or could not, analyze all of the details forming the basis of his Motion prior to February 26, 2024. Reply 3, 14. In other words, it is unclear why the February 26, 2024 order prompted Dr. Konda to only then begin to analyze all of the details concerning Mr. Guy's alleged misrepresentations that occurred years prior.

Moreover, the emails and text messages Dr. Konda identifies as "newly discovered" do not excuse the tardiness. Dr. Konda offers no reason why those emails or text messages in his possession could not have been discovered long before—particularly in connection with Defendants' motion to disqualify, for which the emails and text messages would have been relevant. Even if the present Motion is based on information that was not discoverable at the time he filed the *disqualification motion*, as Dr. Konda contends, that information became available to Dr. Konda when he received Mr. Guy's declaration filed with QuickLogic's opposition to the disqualification motion. Reply 13 ("Dr. Konda had no knowledge of Mr. Guy's misrepresentations since Mr. Guy's Declaration was filed in the opposition to that motion on June

Case No.: 21-cv-04657-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
6

23, 2022"). According to Dr. Konda, he received the declaration on June 23, 2022 containing the purported misrepresentations. *Id.* Dr. Konda could have raised his concerns in reply to the disqualification motion. In fact, as Dr. Konda acknowledges, he *did* raise those concerns at that time. *See* Reply 13 ("On June 30, 2022, Dr. Konda filed his reply to that motion reporting Mr. Guy's misrepresentations to the court"). So by Dr. Konda's own timeline, he knew of and raised the purported misrepresentations around June 30, 2022. The Court considered Dr. Konda's filings in connection with the disqualification motion and denied the motion on August 2, 2022. *See* Disqualification Order. Rule 60 is not an opportunity to re-raise arguments in hopes of receiving a different outcome.

In sum, Dr. Konda presents no compelling reason for delay in filing this motion. And even if Dr. Konda now relies on *new* purported misrepresentations beyond those identified in Mr. Guy's declaration and which the Court already considered, Dr. Konda fails to offer any reason why he was unable to learn of those new misrepresentations that he relies on now for this Motion.[2]

As to whether the delay prejudices QuickLogic, it plainly does. QuickLogic, in relying on the Judgment, has expended significant time and resources on seeking attorneys' fees, attending status conferences, and seeking default judgment. Accordingly, considering the above factors identified in *Sedell*, the Court finds that Dr. Konda did not file this Motion within a reasonable time. *See Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 n.2 (9th Cir. 1982) (agreeing with district court finding that Rule 60(b) motion did not comply with the reasonable time requirement where the motion was filed 18 days after time for appeal of the order expired); *see also Williams v. Gyrus Acmi, LP*, No. 14-cv-00805-BLF, 2017 WL 11516730, at *2 (N.D. Cal. May 10, 2017) (waiting "more than four months after the hearing and three months after the Court issued its ruling and entered judgment" was an unreasonable delay).

---

[2] Dr. Konda also argues that "newly discovered evidence revealed that Mr. Faith and Mr. Guy colluded and hatched a scheme starting in June 2018, and that scheme continued with QuickLogic's strategic avoidance of IDR and filing this DJ action and is central to all the Court's interlocutory orders in this DJ action." Reply 14. On the record before it, the Court cannot verify that the evidence Dr. Konda refers to was "newly discovered" and not otherwise duplicative of evidence Dr. Konda was aware of prior to the Judgment.

Case No.: 21-cv-04657-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
7

1   For the foregoing reasons, the Court finds that Dr. Konda's Motion was not filed within a
2   reasonable time and may be denied on that basis. But even excusing the belated nature of his
3   Motion because Dr. Konda is self-represented, relief under Rule 60(b)(3) would still be denied
4   because, as explained above, Dr. Konda has not established that the purported fraud could "not be
5   discover[ed] by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260
6   (quotations omitted).

### B. Rule 60(d)

Dr. Konda also moves for relief under Rule 60(d)(3), which "does not limit a court's power to ... set aside a judgment for fraud on the court." "Therefore, relief based on fraud on the court is not subject to the one-year time limit." *Sierra Pac. Indus.*, 862 F.3d at 1167 (quotations omitted). To prevail under Rule 60(d)(3), Dr. Konda must show fraud on the court, rather than the lower showing required for relief under Rule 60(b)(3). *See id.* "[R]elief from judgment for fraud on the court is available only to prevent a grave miscarriage of justice." *Id.* (citations omitted). The Ninth Circuit has explained that fraud on the court "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision," and "relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment." *Id.* (citations omitted).

Even taking a liberal view of the Motion, the Court finds that Dr. Konda has not established a basis for relief from the Judgment under Rule 60(d)(3). Initially, Dr. Konda failed to show that the purported fraud was not known at the time of entry of judgment. Indeed, Dr. Konda's accusations in the present Motion are nearly identical to those made in connection with the disqualification motion. *Compare* Mot. 15–16 ("Mr. Guy's Declaration misstates that: 'On the call, I stated to Dr. Konda after confirming that he was not represented by counsel that I was not acting as his counsel, that I was QuickLogic's attorney'") *with* Declaration of Konda, ECF No. 53-1 ¶ 19 (stating that Mr. Guy's statement that "I was not acting as his counsel, that I was QuickLogic's attorney" was a "blatant misrepresentation"); *compare also* Mot. 5 ("Mr. Guy's Declaration misrepresents that 'In June 2018, before any meeting between Dr. Konda and Hopkins

Case No.: 21-cv-04657-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
8

1  Guy, Dr. Konda extended an offer to sell patents to QuickLogic for $300,000") with Declaration

2  of Konda, ECF No. 53-1 ¶ 20 ("However Konda did not offer to sell its Patent Portfolio to

3  QuickLogic").  The Ninth Circuit is clear that "where the moving party through due diligence

4  could have discovered the alleged perjury or non-disclosure, such fraud does not disrupt the

5  judicial process and thus does not constitute fraud on the court." *Sierra Pac. Indus.*, 862 F.3d at

6  1169 (explaining that "a finding of fraud on the court is reserved for material, intentional

7  misrepresentations that could not have been discovered earlier, even through due diligence")

8  (quotations and citations omitted).

Putting aside that the Court previously denied Dr. Konda's motion to disqualify after considering Dr. Konda's near identical arguments and evidence, Dr. Konda has made no showing in this Motion that any fraud separate from that complained of in prior filings could not have been discovered earlier.  On that basis, Dr. Konda has not shown that his allegations regarding Mr. Guy constitute actionable fraud on the Court warranting Rule 60(d) relief.

### IV.    CONCLUSION

For the foregoing reasons, Dr. Konda's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 16, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 21-cv-04657-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
9