UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUICKLOGIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KONDA TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 21-cv-04657-EJD<br><br>**ORDER REGARDING ATTORNEYS' FEES**<br><br>Re: ECF No. 202 |

On July 12, 2024, the Court granted in part Plaintiff QuickLogic Corporation's ("QuickLogic") motion for attorneys' fees, finding an award of fees to be appropriate under 35 U.S.C. § 285. ECF No. 201 ("Fee Order"). The Court based this finding on the litigation conduct of Defendants Konda Technologies, Inc. ("Konda Tech") and Venkat Konda ("Dr. Konda") (collectively, "Defendants"), particularly in filing patent infringement claims without conducting a pre-filing investigation, filing a motion to disqualify based on inconsistent representations, and needlessly prolonging the case during Konda Tech's search for counsel. *See id.* at 15–16. In the Fee Order, the Court deferred ruling on the reasonableness of the amount of requested fees until after QuickLogic submitted supplemental briefing, which QuickLogic did on August 2, 2024. ECF No. 202. Present before the Court is the determination of how much of QuickLogic's requested fees to award.

I.    **BACKGROUND**

The Court has recounted the factual and procedural background of this case in detail in other orders, including the Fee Order. *See* ECF No. 201 at 1–7. The Court therefore limits its discussion here to facts relevant to the reasonableness of QuickLogic's requested attorneys' fees.

Case No.: 21-cv-04657-EJD
ORDER RE ATTORNEYS' FEES

1

QuickLogic filed its original motion for attorneys' fees on August 24, 2023, requesting $471,382.18 for work performed from May 3, 2021 through July 31, 2023. ECF No. 91-1 at 2. These fees represent the 608.9 hours that QuickLogic's counsel spent performing various tasks during the early stages of this case, including responding to Defendants' pre-suit allegations, drafting the complaint, and litigating various motions. In its motion, QuickLogic also sought to hold Defendants' counsel Brian Tollefson, Derek Dahlgren, and Deepali Brahmbhatt jointly and severally liable for QuickLogic's fees.[1]

On March 7, 2024, QuickLogic filed a supplemental brief in support of its motion for attorneys' fees, requesting an additional $111,731.70 for 155.6 hours of work conducted from August 1, 2023 to January 31, 2024. ECF No. 143. As justification for the request, QuickLogic cited its efforts to address continuing litigation misconduct by Defendants and their counsel since QuickLogic's initial motion for attorneys' fees. Specifically, QuickLogic noted that Defendants had (1) fired two of their counsel—Mr. Dahlgren and Ms. Bhrambhatt—without informing QuickLogic or the Court of this change, (2) failed to locate counsel for Konda Tech for three consecutive status conferences, causing months of delay, and (3) had Mr. Milks make a last-minute reappearance as counsel hours before the hearing on QuickLogic's motion for entry of default to avoid ending the litigation. *See id.* at 2–5.

On June 14, 2024, QuickLogic submitted a notice requesting another $75,362.17 in fees incurred between February 1, 2024 and May 31, 2024 while responding to Dr. Konda's Rule 60 motion for relief from judgment. ECF No. 193-3. QuickLogic had at that point dismissed its claims against Defendants' former counsel Mr. Tollefson, Ms. Brahmbhatt, and Mr. Dahlgren. *See* ECF Nos. 162, 183, 190. QuickLogic adjusted the total requested fee amount to account for settlements QuickLogic had entered with Ms. Brahmbhatt and Mr. Dahlgren. ECF No. 193-3 at 2.

Most recently, on August 2, 2024, QuickLogic filed a third supplemental brief pursuant to

---

[1] The motion for attorneys' fees originally sought fees against attorney William C. Milks, III as well, but counsel for QuickLogic confirmed at the hearing on the motion that it was no longer seeking to hold Mr. Milks liable under § 285. June 13, 2024, Hearing Tr. at 8:9–9:15.

Case No.: 21-cv-04657-EJD
ORDER RE ATTORNEYS' FEES

2

1  the Court's July 12, 2024 order. ECF No. 202. The brief identified in greater detail the fees
2  related to QuickLogic's motion to dismiss Defendants' counterclaims, ECF No. 43, and its
3  opposition to Defendants' motion to disqualify, ECF No. 50. QuickLogic also updated its figures
4  for May 3, 2021 to July 31, 2023, the time period covered by its original motion for attorneys'
5  fees. After a second review, QuickLogic's counsel revised the hours worked during that period
6  from 608.9 hours to 613.34 hours, and fees sought from $471,382.18 to $470,186.50. ECF No.
7  202-1, Third. Suppl. Guske Decl. ¶ 3.

## II.  LEGAL STANDARD

In patent cases, Federal Circuit precedent controls the calculation of attorneys' fees under § 285. *Bywaters v. United States*, 670 F.3d 1221, 1227–28 (Fed. Cir. 2012) ("[W]e have consistently applied our law to claims for attorneys' fees under section 285 of the Patent Act because section 285 relates to an area of substantive law within our exclusive jurisdiction.") (citation omitted). The Federal Circuit affords district courts "considerable discretion" in determining the amount of reasonable attorney fees under § 285. *Homeland Housewares, LLC v. Sorensen Rsch.*, 581 F. App'x 877, 881 (Fed. Cir. 2014).

An award of attorney fees under § 285 must be reasonable. To calculate the attorney fee award, courts apply the lodestar method, which provides a presumptively reasonable fee amount. *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)). The lodestar method requires multiplying a reasonable hourly rate by the number of hours reasonably expended on the case. *Id.*

## III.  DISCUSSION

### A.  Reasonable Rates

In determining a reasonable hourly rate, courts are guided by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1170 (N.D. Cal. 2015) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Courts may also consider "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the

Case No.: 21-cv-04657-EJD
ORDER RE ATTORNEYS' FEES
3

1  quality of representation; and (4) the results obtained." *Id.*

2       Here, there is sufficient support to find that the rates charged by QuickLogic's counsel,
3  Baker Botts LLP, are reasonable. The hourly rates of the Baker Botts attorneys and legal
4  professionals that have worked on this case are as follows: G. Hopkins Guy, III (Partner,
5  $1,232.50–1,436.50); Sarah Guske (Partner, $1032.75–1,109.25); Jon V. Swenson (Former
6  Partner, $952.00-1,015.75); John F. Gaustad (Special Counsel, $918.00–986.00); David Lien
7  (Senior Associate, $834.60); Nick Baniel (Associate, $573.75); Bradley Shigezawa (Associate,
8  $607.75); Daniel Weiss (Former Associate, $463.25); Marco Giguere (Senior Paralegal, $331.50–
9  369.75); and Larissa Soboleva (Senior Paralegal, $348.50). ECF No. 91-1, Guske Decl. ¶¶ 4–13;
10 ECF No. 143-1, Suppl. Guske Decl. ¶ 8. With their motion, QuickLogic submitted excerpts from
11 the American Intellectual Property Law Association's (AIPLA) September 2019 economic survey
12 reviewing the rates charged by intellectual property litigators in the United States. ECF No. 91-9,
13 Guske Decl., Ex. H. Evident from the report is that the rates charged by the Baker Botts attorneys
14 on this case are on the higher end of those charged by attorneys in San Francisco Bay Area. The
15 Baker Botts associates' rates are approximately in the third quartile for associates ($500) except
16 for Mr. Lien, whose higher rate reflects his greater level of experience. *See id.* The three partners
17 and special counsel charge rates that are around the 90th percentile for equity partners ($1,023)
18 with Mr. Guy and Ms. Guske exceeding that amount. *See id.* But as QuickLogic notes, this report
19 was four years old at the time of QuickLogic's motion for attorneys' fees, and the rates do not
20 account for the effect of inflation since that time. ECF No. 91 at 17. Also, high rates by
21 themselves are not necessarily unreasonable. The biographies of the Baker Botts attorneys
22 demonstrate that their rates are supported by the significant experience the attorneys offer,
23 especially in patent litigation. ECF No. 91-9, Guske Decl., Exs. B–G; ECF No. 143-1, Suppl.
24 Guske Decl. Ex. J. Given the reputation of Baker Botts and the qualifications of the law firm's
25 attorneys, the Court finds the rates to be "in line with those prevailing in the community for
26 similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v.*
27 *Stenson*, 465 U.S. 886, 896 n.11 (1984).

28 Case No.: 21-cv-04657-EJD
ORDER RE ATTORNEYS' FEES

However, the same reasoning does not apply to the rates for senior paralegals Marco Giguere and Larissa Soboleva. QuickLogic does not provide any information on the paralegals' relevant experience or responsibilities. Nor does QuickLogic proffer any evidence to show that the paralegals' rates are comparable to those charged by other paralegals with the same level of experience in Northern California. Ordinarily, failure to provide adequate documentation would lead the Court to reduce the paralegals' hourly rates or deny recovery for the paralegals' time altogether. *See Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1172 (N.D. Cal. 2015); *Davis v. Hollins L.*, 25 F. Supp. 3d 1292, 1301 (E.D. Cal. 2014). However, the Court is persuaded not to do so here. QuickLogic claims that its requested fees are reasonable overall, because "QuickLogic incurred substantially less attorneys' fees than the median amount expected through claim construction in cases where non-practicing entities attempt to pursue broad allegations." ECF No. 91 at 18–19. According to the September 2019 AIPLA survey, the approximately $470,000 in fees requested by QuickLogic in its original motion falls well short of $2.5 million, the median estimated cost of a comparable litigation. *See* ECF No. 91-9, Guske Decl., Ex. H. The utilization of experienced paralegals with lower hourly rates presumably contributed to the lower overall cost of litigating this case. As such, the Court will not reduce or deny the requested fees for senior paralegals Marco Giguere and Larissa Soboleva. *IPVX Pat. Holdings, Inc. v. Voxernet LLC*, No. 5:13-CV-01708 HRL, 2014 WL 5795545, at *8 (N.D. Cal. Nov. 6, 2014) (allowing award of paralegal fees where the paralegal's services "were used to actually reduce the total amount of fees").

Given Baker Botts's expertise in patent litigation as well as the favorable result obtained for QuickLogic—dismissal with prejudice of Defendants' patent infringement and state law counterclaims—despite the unique procedure of this case, the Court finds the hourly rates of the attorneys and legal professionals to be reasonable.

### B.     Reasonable Hours

In determining a reasonable amount of time spent, courts are instructed to award fees only for hours "reasonably expended on the litigation," and exclude "hours that are excessive,

Case No.: 21-cv-04657-EJD
ORDER RE ATTORNEYS' FEES

redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). Courts have discretion in making this equitable judgment, as there is no precise rule or formula for determining whether time spent is reasonable. *Id.* at 436–37. As the Ninth Circuit noted, there are two means by which a court may determine whether the number of hours is reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). First, a court may conduct an "hour-by-hour analysis of the fee request" and exclude those hours for which it would be unreasonable to compensate the prevailing party. *Id.* at 1203 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). Second, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Id.* (citation omitted). Consistent with this principle, the Court proceeds to analyze whether a percentage cut should be applied to the total number of hours claimed in each of the three time periods for which QuickLogic seeks fees.

### 1. May 3, 2021 through July 31, 2023

Beginning with the time period from May 3, 2021 through July 31, 2023, QuickLogic's counsel submits that it performed 613.34 hours of work. These hours represent several tasks including, among other things, preparing and serving the complaint, responding to Defendants' first motion to dismiss, researching and preparing a motion to dismiss Defendants' counterclaims, and preparing an opposition to Defendants' disqualification motion. ECF No. 202-1, Third Suppl. Guske Decl. ¶ 4. For this time, QuickLogic requests $470,186.50.

Dr. Konda objects to the hours spent and fees generated during this period as "artificially inflated and unreasonable." ECF No. 203. Specifically, Dr. Konda accuses QuickLogic's counsel as logging an excessive number of hours while working on QuickLogic's Motion to Dismiss Defendants' Counterclaims (ECF No. 43) and QuickLogic's Opposition to Defendants' Motion to Disqualify (ECF No. 50) when compared to those spent preparing and serving the complaint. This argument is unavailing. There are many reasons why working on a dispositive motion and opposition brief would require significantly more time than preparing a complaint, including but

Case No.: 21-cv-04657-EJD
ORDER RE ATTORNEYS' FEES
6

not limited to conducting additional research and strategizing. Furthermore, Ms. Guske declared under penalty of perjury that Baker Botts conducted a thorough review "to confirm that each entry reflects time appropriately charged to QuickLogic," and that "each invoice is reviewed by a team of individuals, including attorneys, litigation support staff, and accounting staff." ECF No. 91-9, Guske Decl. ¶ 2. Dr. Konda fails to substantiate his claim that QuickLogic artificially inflated its hours beyond mere conjecture.

Dr. Konda also urges the Court not to award fees that QuickLogic incurred while preparing for oral argument on Defendants' motion to disqualify and QuickLogic's motion to dismiss Defendants' counterclaims, because the Court took those matters under submission. ECF No. 203 at 3–4. But Dr. Konda does not provide any case law or convincing reason as to why time spent preparing for a hearing that is eventually vacated is unreasonable. Accordingly, the Court will not discount any of the 613.34 hours spent during this period.

### 2.   August 1, 2023 to January 31, 2024

From August 1, 2023 to January 31, 2024, QuickLogic's counsel performed 155.6 hours of work. During this time, QuickLogic's counsel continued to litigate the case with various filings, including a response to the Court's order to show cause, a bill of costs and motion for attorneys' fees, and a motion for entry of default and default judgment against Konda Tech. ECF No. 143. QuickLogic's counsel incurred $111,731.70 in fees for this period. Finding the 155.6 hours spent to be reasonable given the considerable activity in this case, the Court declines to apply a percentage cut.

### 3.   February 1, 2024 and May 31, 2024

Finally, QuickLogic requests compensation for fees incurred between February 1, 2024 and May 31, 2024 while responding to Dr. Konda's Rule 60 motion for relief from judgment. ECF No. 193-3. Quicklogic states that it incurred $75,362.17 in fees during this time period but does not provide the number of hours worked or supporting documentation. Because there is insufficient information to determine the reasonableness of the hours worked during this period, the Court will not award the requested fees. *See Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp.

Case No.: 21-cv-04657-EJD
ORDER RE ATTORNEYS' FEES
7

3d 1154, 1169 (N.D. Cal. 2015) ("The party seeking fees bears the initial burden of establishing the hours expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of time spent. . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)).

* * *

After reviewing QuickLogic's briefing and taking into account the considerable motion practice during this case, the Court finds the 768.94 hours of work conducted from May 3, 2021 to January 31, 2024 to be reasonable. The Court has insufficient information to determine the reasonableness of the hours between February 1, 2024 and May 31, 2024, and therefore denies the requested fees incurred during that period.

### C. Lodestar Calculation and Adjustments

As discussed above, QuickLogic's counsel performed 768.94 hours of work, which the Court finds reasonable. Multiplying these hours by the reasonable rates charged by the attorneys and legal professionals at Baker Botts results in the initial lodestar amount of $581,918.20. Pursuant to QuickLogic's notice, ECF No. 193-3, the Court applies an offset to account for settlements with attorneys Brahmbhatt and Dahlgren. This results in the adjusted lodestar figure of $531,918.20.

## IV. CONCLUSION

For the foregoing reasons, the Court finds some of QuickLogic's requested fees to be reasonable and GRANTS QuickLogic $531,918.20 in attorneys' fees.

**IT IS SO ORDERED.**

Dated:  May 27, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 21-cv-04657-EJD
ORDER RE ATTORNEYS' FEES

8