UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUICKLOGIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KONDA TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No.   21-cv-04657-EJD<br><br>**ORDER REGARDING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 212 |

On May 27, 2025, after previously finding an award of attorneys' fees to be appropriate under 35 U.S.C. § 285, the Court granted some of Plaintiff QuickLogic Corporation's ("QuickLogic") requested fees. ECF No. 211 ("May 27 Order"). Of the more than $650,000 that QuickLogic requested, the Court granted a total of $531,918.20. *Id.* at 4. The Court declined to award some fees because it had insufficient information to determine the reasonableness of certain hours worked and applied an offset to account for QuickLogic's settlements with attorneys Deepali Brahmbhatt and Derek Dahlgren. *Id.* at 8.

Now before the Court is Konda Technologies, Inc. and Dr. Venkat Konda's (collectively, "Defendants") motion for reconsideration of the May 27 Order pursuant to Civil Local Rule 7-9 and Federal Rule of Civil Procedure 59(e). Defendants contend that reconsideration is necessary to correct a clear error of fact in the May 27 Order, because it is inconsistent with the Court's previous order finding an award of attorneys' fees to be appropriate, ECF No. 201 ("Fee Order"). Defendants seek to reduce the attorneys' fee award from $531,918.20 to $273,559.56.

At the outset, Defendants may not seek reconsideration under Civil Local Rule 7-9. Motions for reconsideration under that rule are reserved for challenging interlocutory orders

Case No.: 21-cv-04657-EJD
ORDER REGARDING MOT. FOR RECONSIDERATION
1

"[b]efore the entry of judgment." Civil L.R. 7-9(a). Pursuant to Rule 58(c)(2)(B), final judgment was deemed entered in this case on January 8, 2024, 150 days following entry of the Court's August 11, 2023 order, ECF No. 83. The Court therefore construes Defendants' motion solely as a motion to amend a judgment under Rule 59(e).

## I.   LEGAL STANDARD

Rule 59(e) permits a court to reconsider and amend its judgment within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Amending a judgment after its entry is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citation omitted). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir.1999). Generally, the four basic grounds for granting a Rule 59(e) motion are "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell*, 197 F.3d at 1255 n.1). Defendants' motion falls into the first category.

## II.   DISCUSSION

Defendants argue the Court must correct a clear error in its May 27 Order. Namely, the Court awarded fees for litigation conduct that it had previously found not objectively baseless or frivolous.[1]

Defendants correctly note that the Court did not find all of their defenses and counterclaims to be objectively baseless or frivolous. For example, the Court declined to hold that

---

[1] Defendants initially argued in their motion that the Court also failed to apply an offset for the settlement amount paid by attorney Brian Tollefson. ECF No. 212 at 5. However, after QuickLogic clarified in response that it had settled with Mr. Tollefson without any payment, *see* ECF No. 213 at 2, Defendants withdrew their claim. ECF No. 214 at 5.

Case No.: 21-cv-04657-EJD
ORDER REGARDING MOT. FOR RECONSIDERATION
2

1   Defendants' original motion to dismiss, ECF No. 19, was groundless, because it was based on a
2   non-frivolous interpretation of the 2010 CLA.  *See* Fee Order 11.  But that does not preclude an
3   award of fees for those litigation activities.  Whether certain arguments are objectively baseless or
4   frivolous is relevant to determining whether a case in its entirety is "exceptional" under § 285.
5   That inquiry only establishes whether fee shifting is appropriate, not the amount of reasonable
6   fees.  The Court considered the totality of the circumstances to determine that this case was
7   exceptional under § 285.  *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545,
8   554 (2014).  Then, the Court exercised the "considerable discretion" long afforded to district
9   courts in determining the amount of reasonable fees to award.  *See Bywaters v. United States*, 670
10  F.3d 1221, 1228 (Fed. Cir. 2012).  The decision to award fees for litigation conduct that the Court
11  previously found to not be objectively baseless or frivolous falls under that umbrella of discretion.

12      The only case Defendants cite in opposition is *Homeland Housewares, LLC v. Sorensen*
13  *Rsch.*, 581 F. App'x 877 (Fed. Cir. 2014).  That case, however, directly undermines Defendants'
14  argument.  In *Homeland Housewares*, the Federal Circuit rejected the same argument Defendants
15  make here: that "the district court's fee calculation was not sufficiently rooted in the conduct that
16  the court found exceptional," and the court "should have limited the award to the costs that [the
17  appellee] incurred in responding to specific acts of litigation misconduct." *Id.* at 881.  The Federal
18  Circuit declined to require that level of granularity from district courts and reiterated that "it is the
19  'totality of the circumstances,' and not just discrete acts of litigation conduct, that justify the
20  court's award of fees." *Id.* (citing *Octane*, 572 U.S. at 554).

21      That said, the Court does find it necessary to amend the attorneys' fee award slightly.  In
22  the Fee Order, the Court stated that "QuickLogic is not entitled to recover its fees for appearing at
23  [the] first status hearing on October 5, 2023. At that time, Konda Technologies had not
24  unreasonably prolonged the case." ECF No. 201 at 15.  But in its May 27 Order, the Court
25  granted QuickLogic $5326.23 in fees for appearing at that status hearing. *See* ECF No. 143-1 at 3.
26  To avoid contradictory rulings, the Court retracts the granting of those fees, reducing the final
27  awarded attorneys' fee amount from $531,918.20 to $526,591.97.

28  Case No.: 21-cv-04657-EJD
    ORDER REGARDING MOT. FOR RECONSIDERATION
    3

**III.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' Rule 59(e) motion. The May 27 Order is amended to grant QuickLogic $526,591.97 in attorneys' fees.

**IT IS SO ORDERED.**

Dated:  July 11, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 21-cv-04657-EJD
ORDER REGARDING MOT. FOR RECONSIDERATION
4